## WARD SIES v. STATE.

No. A-485.  Opinion Filed August 31, 1911.

(117 Pac. 504.)

1.  **EVIDENCE—Circumstantial Evidence—Sufficiency.**  Where the evidence is wholly circumstantial, and the facts and circumstances in evidence are of such a character as to fairly permit an inference consistent with innocence, it cannot be regarded as evidence sufficient to support a conviction.

2.  **SAME.**  The facts and circumstances proved must not only be consistent with and point to the guilt of the defendant, but they must be inconsistent with his innocence.

(Syllabus by the Court.)

*Appeal from Jefferson County Court; C. M. Bond, Judge.*

Ward Sies was convicted of selling whisky illegally, and he appeals.  Reversed.

*J. W. Harper,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J.  Plaintiff in error was convicted of the crime of selling whisky to one Luther L. Busby, and sentenced to imprisonment for 30 days in jail and to pay a fine of $50.  Judgment was entered on October 15, 1909, from which judgment an appeal was taken by filing in this court on December 14th a petition in error with case-made.

The record shows the testimony of Luther Busby, the first witness for the state, as follows:

"Q. I'll ask you if you ever obtained any intoxicating liquors from Ward Sies?  A. No, sir.  Q. On or about the 12th of June of this year?  A. No, sir.  Q. Did you turn over a pint of whisky

to J. D. Tolleson? A. Yes, sir. Q. Where did you get that? A. I found it in a box back behind there. Q. Where, back of Ward Sies' place? A. Well, sorter back of Carter's real estate office. Q. What kind of money did you pay for that? A. I didn't pay him any money. Q. What kind of money did you leave where you got the whisky? A. I couldn't say. Q. You don't remember whether it was a $1 bill? A. No, sir; I couldn't say. Q. Who did you see when you got that? A. Not any one. Q. You didn't see anybody? A. Not that I remember of. Q. But you come through Ward Sies' place of business? A. No, sir. Q. Did you see Ward about the time you got it? A. No, sir; I think not, not that I remember of. Q. Well, if you did, you would remember it, wouldn't you? A. I think so; yes. Q. What did you do with the money? I'll ask you if it is not a fact that Jake Tolleson gave you a $1 bill to get whisky with? A. Jake Tolleson gave me some money, but I don't remember about the kind of money. Q. Do you know whether that money was marked? A. No, sir. Q. You got a pint of whisky with the money he gave you? A. I got a pint with some money. I don't know whether it was the same money Jake Tolleson gave me or not."

He further testified that the defendant, Ward Sies, conducted a restaurant near witness' place of business, and that the defendant would come into his place to get change, and that witness frequently went into defendant's place to get change, and that Tolleson was somewhat intoxicated when he gave him the money.

Jake Tolleson testified that he gave Luther Busby a marked dollar bill to buy whisky, and Busby went and brought him back a pint of Sunny Brook whisky; that the next time he saw the marked dollar bill R. B. Pitts had it.

R. B. Pitts and Hugh Treadwell testified that they marked a dollar bill and gave it to Jake Tolleson, and that a few hours after they gave the bill to Tolleson they found the same bill in a pocketbook in a drawer under the counter in the defendant's place of business.

The defendant moved the court to direct a verdict of acquittal, which motion was denied.

The defendant testified that he never sold any whisky in his life; that he knew nothing about the bottle of whisky that

Busby testified to; that he did not know how he received the dollar bill that he gave to Pitts; that he was conducting a restaurant business and taking in change all the time. And the day in question was a very busy day in his business. When Pitts and Treadwell came into his place of business and asked him if he had a dollar bill, he looked in his money drawer, and found a dollar bill, and handed it to Mr. Pitts.

It is contended on the part of plaintiff in error that the verdict is contrary to law and the evidence in the case. We are of opinion that this contention is well founded. The defendant is presumed to be innocent until proven guilty beyond a reasonable doubt, and no inference of guilt can be founded upon circumstances except such as naturally or necessarily follow from the facts. If the facts and circumstances are of such a character as to fairly permit an inference consistent with innocence, they cannot be regarded as sufficient evidence to support a conviction. The general rule in criminal cases is that, where the evidence is circumstantial, the facts shown must not only be consistent with and point to the guilt of the defendant, but must be inconsistent with his innocence. The only proof in the case connecting the defendant with the transaction testified to was the finding of a marked dollar bill in his possession. It is not even shown that the marked dollar was ever paid for whisky, and it is not disputed that he received this dollar in the usual course of his business. Where the evidence only raises a mere suspicion of the guilt of the defendant, it is insufficient to sustain a conviction. Suspicion is not proof, and the court should direct a verdict of acquittal.

There being no evidence to support the verdict, the judgment is reversed.

FURMAN, P. J., and ARMSTRONG, J., concur.