## CHARLES DAVIS v. STATE.

No. A-3473—Opinion Filed Dec. 11, 1920.

(193 Pac. 745.)

(Syllabus.)

1. **RECEIVING STOLEN GOODS—Guilty Knowledge—Proof.** In order to establish the crime of receiving stolen property, it is essential that the state, either by direct or circumstantial evidence, prove guilty knowledge on the part of defendant at the time he received such property that the same was stolen.

2. **EVIDENCE — Circumstantial Evidence — Guilty Knowledge.** Where the state relies wholly on circumstantial evidence to prove guilty knowledge, the circumstances relied upon, when considered together, must point clearly and conclusively to the guilt of defendant and exclude every reasonable hypothesis other than that of guilt.

3. **EVIDENCE—Sufficiency for Conviction.** The appellate court cannot safely permit a judgment of conviction to stand unreversed, where one material element of the offense rests alone upon evidence which amounts merely to suppositions or suspicions of guilt.

*Appeal from Superior Court, Creek County;*

*Gaylord R. Wilcox, Judge.*

Charles Davis was convicted of the crime of receiving stolen property, and he appeals. Reversed and cause remanded for a new trial.

*L. J. Marks* and *Cress & St. Clair,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *E. L. Fulton,* Asst. Atty. Gen., for the State.

MATSON, J.  Charles Davis was convicted of the

crime of receiving stolen property in the superior court of Creek county, and sentenced to serve a term of one year's imprisonment in the state penitentiary. From a judgment of conviction rendered against him on the 16th day of May, 1918, defendant has appealed to this court, and in his petition in error assigns several grounds of alleged error for reversal of said judgment, mainly relying upon the insufficiency of the evidence to sustain the conviction.

The defendant was convicted of buying and receiving a certain Ford automobile, of the value of $300, which had previously been stolen in Lincoln county, Okla., from one Bryan Robinson; defendant knowing at the time he purchased and received said automobile that the same had been stolen.

The Attorney General has filed a confession in error, the substance of which is as follows:

"It is established that the car in question was stolen, and that the plaintiff in error purchased the same; but we are unable to find in the record any testimony tending to show that plaintiff in error at the time he purchased the car in question had any knowledge or information that the car was stolen. It is our judgment that the evidence is not sufficient to justify or uphold the verdict or judgment of the court."

The court has carefully examined the transcript of the evidence in this case, and the conclusion is reached that the confession of error by the Attorney General is well founded.

In order to establish the crime of receiving stolen property, it is essential that the state, by either direct or circumstantial evidence, prove guilty knowledge on the

part of defendant, at the time he received such property, that the same was stolen. 17 R. C. L. 85.

The state's case in chief wholly fails to establish any such guilty knowledge on the part of defendant. All that was proved on the part of the state was that the car was stolen, as alleged in the information, and that the same was found in the possession of defendant some 10 days thereafter. The evidence on the part of the state discloses that, on the day after the car was stolen, a person other than defendant or the true owner was in possession thereof, and made some repairs or alterations on the car; but the state's evidence fails in any way to connect defendant with such person who was presumably the thief. The state's evidence further discloses that defendant was found in the possession of the car at Topeka, Kan., where he was arrested, waived a requisition, and drove the car back with certain officers of Washington county, Okla., to the city of Bartlesville, Okla., where the car was afterwards identified by Bryan Robinson and returned to him.

The defendant took the witness stand in his own behalf, and the evidence is undisputed that defendant purchased the car in the town of Oilton, Okla., at least 10 days after the same was proven to have been stolen; that the purchase was made in a public street in the town of Oilton from a person who gave his name as George Miller, and who said that he was expecting to have to join the army and would have no further use for the car and wanted to return before joining the army to visit his relatives in the state of Pennsylvania; that, after having agreed upon $350 as the purchase price for said car, defendant and the said Miller drove the car to defendant's residence in the south part of Drumright, Okla., where

defendant procured additional money with which to pay for same and then proceeded to the office of a justice of the peace in the city of Drumright, where the said justice, at the request of defendant, indited a bill of sale for said car, which was duly signed and witnessed in the presence of said justice, and certain money was paid by defendant to the said Miller in the presence of the justice; that, after purchasing the car, defendant drove it to his home, and there kept it for a period of 2 or 3 days in full view of the public highway, and during that time defendant drove said car upon the public streets of Drumright, and made no effort whatever to conceal same; that, on the Monday following Friday on which defendant purchased said alleged stolen car, defendant and his wife started on a trip to Emmett, Kan., to visit some relatives of his wife, and in going to said place defendant drove over the public highways of the states of Oklahoma and Kansas, until he reached the city of Topeka where he stopped to spend a short time with his wife's brother, and where he was arrested and the car taken from him. Defendant testified that he did not know the car had been stolen; that he paid $350 therefor, which was all the car was worth; and that there was no conduct on the part of the said Miller which led defendant to believe that at the time he purchased said car the same had been previously stolen.

The cross-examination of defendant elicited certain suspicious circumstances showing that, had defendant made a more thorough examination into the ownership of the car, he could have in time discovered, perhaps, that the person who gave his name as Miller was not the true owner of the car.

However, the court does not deem the inferences alone

arising from lack of precaution to determine ownership sufficient by themselves to establish guilty knowledge on defendant's part at the time the car was received by him. In purchasing and taking possession of the car in question, defendant acted openly and publicly, without any attempt at concealment, so far as this record discloses, and there is no fact or circumstance, other than inferences arising from such lack of precaution, shown which in any way directly tends to establish that defendant knew at the time that he was purchasing a stolen car. It is incumbent upon the state to prove every essential element of the crime by evidence beyond a reasonable doubt, and a conviction based upon circumstances which raise merely suspicions of guilt should not be allowed to stand.

In this case, the state relied wholly on circumstantial evidence to prove guilty knowledge on the part of defendant, and it is a well-established rule of law that, where circumstantial evidence alone is relied upon, the circumstances when considered together must point clearly and conclusively to the guilt of defendant and exclude every reasonable hypothesis other than that of guilt. *Sies v. State,* 6 Okla. Cr. 142, 117 Pac. 504; *Nash v. State,* 8 Okla. Cr. 1, 126 Pac. 260.

.        In this case, the inferences properly arising from defendant's lack of precaution in investigating whether or not the seller was the true owner of the car, considered together with defendant's conduct immediately after he purchased the car, cannot be said to point unerringly and conclusively to the guilt of defendant and to exclude every other reasonable hypothesis than that of guilt; and for such reasons it is the opinion of this court that the state has failed to establish guilty knowledge on the part of

defendant by evidence sufficient to sustain the verdict and judgment.

This case was not tried as closely as it should have been on the part of the state. Apparently, other witnesses were available to the prosecution had their attendance been sought, who, perhaps, were in possession of evidence which, if defendant is guilty of the crime charged, could more clearly establish that fact. For such reason, it is the opinion of this court that this cause should not be dismissed, but that the judgment should be reversed and the cause remanded to the trial court, with directions to grant defendant a new trial, upon which trial the state may be in position to produce other evidence than that adduced at this trial, such as will fully meet the requirements of law regarding circumstantial evidence and establish the element of guilty knowledge on the part of defendant to that extent required by the law. This court cannot safely permit a judgment of conviction to stand unreversed, where one material element of the offense rests alone upon evidence which amounts merely to suppositions or suspicions of guilt.

Judgment reversed, and the cause remanded for a new trial.

DOYLE, P. J., and ARMSTRONG, J., concur.