## TOM WHISENHUNT v. STATE.

No. A-5498.  Opinion Filed May 15, 1926.
(246 Pac. 494.)

H. H. Thomas, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Houston B. Teehee, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Le Flore county upon a charge of grand larceny, and his punishment fixed at confinement in the penitentiary for a term of one year.

The record discloses a state of facts about as follows:  The prosecuting witness Russell resided alone on his farm, and had in his possession $141 in money, and, evidently, being suspicious of banks and bankers, used a couch in his living room as a depository.  On the day the offense was committed, defendant and Russell were at a store not far from the residence of Russell, and in a conversation defendant suggested that he had some whisky and offered Russell a drink.  Russell embraced

or rather imbibed the suggestion, with the counter proposition that he wanted to concoct a toddy, so they went to his residence to prepare the drinks. Soon thereafter a neighbor, Phillips, came to the house and purchased some cane seed from Russell, who took his money out of the couch either for the purpose of making change or to pridefully display his wealth, and then restored it to his hiding place in the presence of defendant and Phillips. Then Phillips and Russell went into another room to sample the liquid refreshments, leaving the defendant in the room where the couch was, where he was alone some 15 to 30 minutes, and immediately after the supply of whisky had become exhausted defendant volunteered to go a short distance away and procure a further supply, which he did, and soon returned with more liquor. About this time a Mr. Baker and his wife arrived, and a Mr. Smith, and a social visit was had. The party then disbanded, Baker and his wife going first, then Smith, then Phillips started to leave, when Russell told him he had lost his money, and to overtake Smith and call him back. He did so, and they returned and made a search of the premises. They then located Phillips and searched each other in turn. After the display of the money by Russell, no one was alone in the room until it was missed except the defendant. The money was not found in the search of the various persons. The defendant denied any knowledge of it.

It is first argued that the evidence is insufficient to sustain the verdict. The proof of the larceny of the money is circumstantial. No one saw the defendant take the money, and it was not found in his possession, but it is undisputed that Russell had the money a short time before its loss, that defendant knew where it was placed. He alone had an opportunity to take it, and on his trip for additional liquor had an opportunity to conceal it. The evidence satisfies the rule that circumstantial evidence must be consistent with the guilt of the accused

and inconsistent with any other reasonable hypothesis than that of guilt.

It is next contended that there are errors of law which prevented the defendant from having a fair trial in that the court did not correctly instruct the jury. In instruction No. 6, the court, after stating the principles governing the sufficiency of circumstantial evidence, said:

"* * * And all the facts and circumstances proven should not only be consistent with the guilt of the accused, but consistent with each other and inconsistent with any other reasonable hypothesis or conclusion than that of his guilt and sufficient to produce the reasonable moral certainty that the accused committed the offense charged against him. * * *"

—the point urged being that the court uses the words, "should not only be consistent," etc., instead of the words, "must not only be consistent," etc. The word "must" was the proper word to have used, since it carries with it more of the sense of necessity than the word "should," which carries with it more of the sense of obligation or duty; that is, "should" is a weaker word as here used than the word "must." See De Bose v. State, 18 Okla. Cr. 549, 197 P. 176; Inklebarger v. State, 8 Okla. Cr. 316, 127 P. 707; Sies v. State, 6 Okla. Cr. 142, 117 P. 504; Davis v. State, 18 Okla. Cr. 112, 193 P. 745.

Some complaint is made to other of the instructions and to the failure of the court to give some requested instructions, but no particular error is pointed out. Instruction No. 6 is subject to criticism, but the instructions taken as a whole in connection with the evidence could not have misled the jury to the injury of the defendant, and no error is apparent requiring a reversal.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.