# ELIZABETH BARCUS v. STATE.

No. A-8799.  May 3, 1935.
(44 Pac. [2d] 897.)

Jno. V. Beveridge, Kelly Brown, and A. M. deGraffenreid, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.  Plaintiff in error, hereinafter called defendant, was convicted in the district court of Mayes county of manslaughter in the first degree and was sentenced to serve a term of ten years in the state penitentiary.

Defendant, Blue Rigsby, and John Doe were jointly charged with the murder of G. W. Barcus, the husband of the defendant.  A severance was had and Rigsby was tried separately, convicted of murder, and sentenced to life imprisonment, which judgment was affirmed by this court.  Rigsby v. State, 55 Okla. Cr. 61, 24 Pac. (2nd) 1016.

Only one contention is made:  That the evidence is insufficient to sustain the judgment.  The evidence on

the part of the state is that about 10 o'clock on the day of the homicide defendant left the place of abode at Muskogee and with the household goods in a truck moved to Siloam Springs, Ark. That some time prior to this separation she had been carrying on a liaison with her codefendant, Rigsby, and on the night preceding her leaving Muskogee, she had a quarrel with her husband and at the time she moved away she left word to be conveyed to him that she had gone to Oklahoma City. She drew $800 which she had on deposit with the Federal Postal Savings and delivered it to Rigsby, who arranged for the truck to take her household goods.

She was at Siloam Springs when the homicide was committed. The state does not claim that she had any personal connection with it. Deceased was killed by Rigsby and John Doe, an unknown person, about midnight, December 12, 1931. Soon thereafter the body was discovered, and the following night the sheriff and another officer went to the place where the defendant was staying, arrested her, and returned her to Pryor. The evidence tending to connect defendant with the homicide is entirely circumstantial and rests on the motive and inference arising from her connection; intimate relations, and misconduct with Rigsby, including the delivery to him of the money drawn from her savings account and the removal of the household goods from the place of abode, without the knowledge of her husband; to her seeming indifference to his death, and to statements made at and subsequent to her arrest. These statements are in substance that she was moving to Arkansas to get the benefit of a liberal divorce law, and if she had any connection with his death she would be a fool to admit it. Defendant did not take the stand and offered no evidence.

The killing of deceased by Rigsby and his companions not being controverted, we deem it unnecessary to make a more full statement of the surrounding facts. Upon a consideration of the entire record, we are satisfied the evidence of a conspiracy between defendant and Rigsby and his companion, or of an aiding or abetting them by defendant, does not attain that degree of certainty required to support a judgment of conviction. There is, it is true, a strong suspicion arising from the relations of defendant and Rigsby, and the circumstances surrounding her separation from deceased, but a conviction cannot be based on suspicion and inference; there must be evidence from which a jury can reasonably and logically find the guilt of accused. The evidence in this case and the inferences to be drawn from it are of too weak and inconclusive a character to sustain the judgment. Davis v. State, 18 Okla. Cr. 112, 193 Pac. 745.

The case is reversed and remanded, with instructions to discharge defendant.

DAVENPORT, P. J., and DOYLE, J., concur.