FRED AKINS v. STATE.

No. A-10453. Sept. 26, 1945.

(162 P. 2d 195.)

. E. Moore, of Coalgate, and Wimbish & Wimbish, of Ada, for plaintiff in error.

Randell S. Cobb, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and Wayne Lewis, Co. Atty., of Ada, for defendant in error.

BAREFOOT, P. J. Defendant, Fred Akins, and Myrtle Leverett were charged jointly in the county court of Pontotoc county with the crime of unlawful possession of intoxicating liquor, to wit: 16 pints of assorted brands of tax-paid liquor. They were tried, convicted, and each of said defendants were sentenced to pay a fine of $50, and to serve 30 days in the county jail. The county judge entered an order suspending the jail sentence as to the defendant Myrtle Leverett, and the defendant Fred Akins has alone appealed to this court.

The question of the right of the county judge to suspend the 30-day jail sentence as to the defendant Myrtle Leverett is not presented by this appeal, and no further reference will be made thereto.

It is contended by the defendant that certain errors were made in the issuance and service of the search warrant, and that the court erred in refusing to give certain requested instructions.

Because of the conclusion we have reached, it is unnecessary to consider the alleged errors, and we only consider the question that the evidence offered by the state

is insufficient to sustain the judgment and sentence against this defendant.

Four witnesses testified for the state—Jack Brumley and Jim Rogers, deputy sheriffs, and Clyde Kaiser, sheriff of Pontotoc county, and Bill Cummings. The officers testified that on December 18, 1941, they had a search warrant, and searched a certain residence in the city of Ada, and found 16 pints of tax-paid liquor under a divan in one of the rooms. No one was present at the time of the search, but the officers later saw Myrtle Leverett, and she told the sheriff that she lived at the premises searched. Her son came up to the premises immediately after the search. Sheriff Kaiser testified that the property belonged to Bill Cummings, and that it was in Myrtle Leverett's care when he was away.

Bill Cummings testified that he owned the property, together with a filling station and other premises near by, and that he had leased the premises to the defendant Fred Akins about a year prior to the search. That Myrtle Leverett occupied and lived in the premises with her son, and he knew nothing of the defendant having leased to her, or of the defendant ever occupying the premises in person.

This was the only testimony offered by the state. There is not a line of testimony to connect the defendant with the possession of the liquor found by the officers. There was no evidence of any connection between the defendant and Myrtle Leverett. The evidence did not even show that the defendant had leased the premises to her.

The general rule in criminal cases is that where the evidence is circumstantial, the facts shown must not only be consistent with and point to the guilt of the defendant, but must be inconsistent with his innocence. Owens v. State, 11 Okla. Cr. 113, 143 P. 204; Ward v. State, 15

Okla. Cr. 61, 175 P. 60; Barger v. State, 46 Okla. Cr. 95, 287 P. 1059; Dees v. State, 81 Okla. Cr. 48, 160 P. 2d 406.

Under the facts presented, there was no evidence to sustain the conviction of this defendant. If he could be convicted upon this testimony, it would be dangerous for anyone owning property to lease the same to any individual who might without the knowledge of the owner place intoxicating liquor thereon.

For the reasons above stated, the judgment and sentence of the county court of Pontotoc county is reversed.

JONES, J., concurs. DOYLE, J., not participating.