# MOSE (SONNY) DOTY v. STATE.

No. A-10977.   Feb. 23, 1949.

(203 P. 2d 444.)

Fred L. Patrick, of Sapulpa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for defendant in error.

BRETT, J.   Mose (Sonny) Doty, plaintiff in error herein, defendant below, was charged in the district court of Creek county, Oklahoma, by information on December 30, 1943, with the crime of first degree manslaughter, tried to a jury on June 10, 1947, convicted of manslaughter in the second degree and sentenced to two years in the State Penitentiary.   From the judgment and sentence therein imposed, he appeals.

The information in substance alleges that the defendant, Doty, while driving his two-door automobile at a dangerous and reckless rate of speed in disregard of the traffic and conditions of the highway (it being wet and sleety weather) defined by statute as a misdemeanor, did run into and strike Burrell Wadsworth Rice, thereby inflicting upon him mortal wounds from which he died as a result of the acts of the defendant although the defendant was without design to effect the death of said Rice.

The sole question raised by the defendant is that the evidence is insufficient to sustain the conviction.   That question turns on the proof as to who was driving the defendant's car at the time of the death of Mr. Rice. The state's case is predicated upon the testimony of one Earl Buckley, attendant at the filling station.   It appears that Buckley was attending the Pure Gold Filling Station on the north edge of Sapulpa, Oklahoma, where the acts complained of occurred.   It appears further that Mr. Rice's automobile was standing in the driveway of the filling station attended by Buckley, that he was servicing the car on the outside lane next to the pavement, and Rice's car was on the inside lane next

to the filling station, the filling station being located on the west side of the pavement. Rice's car was sitting on the inside lane headed north. He asked for a chamois to wipe the windshield to get the snow and ice off of it and he went back to the car and was cleaning the windshield; that while he was thus situated the defendant approached from the north. The defendant's automobile approaching from the north by virtue of the bend in the road was headed directly into the lane in which Rice's automobile was located, and his automobile was driven into Mr. Rice's automobile, pinning Mr. Rice in between the cars, knocking the Rice car back out of the driveway and throwing his automobile across the road into the ditch east of the pavement, injuring Mr. Rice in such manner that he died as a result thereof. All the evidence showed that the lights from the filling station were blinding. Earl Buckley testified that the lights did blind people under such conditions as prevailed that night. The record discloses that other wrecks had occurred in identically the same manner. Buckley testified a lot of them had occurred. In fact, he testified that the officers making the investigation had an accident in identically the same manner as they approached from the north. Buckley testified when the defendant's car struck Mr. Rice and Mr. Rice's automobile he took time to call an ambulance and the police. Then he said he went across the street to where the Doty car had been stopped. He said he saw Martin Doty, Mose Doty's brother, sitting on the right-hand side of the Doty automobile and Mrs. Mose Doty was sitting in the middle with her head on Martin's shoulder. He said he helped them out of the left side of the car because the right-hand door of the car was jammed in the collision and would not open. Mose Doty was not in the car. The state's testimony further reveals that Doty was not seen around the acci-

dent after that. He was later arrested uptown in his room. The evidence of the state further shows that Mose Doty was pretty heavily intoxicated and Martin Doty had been drinking. All of this the defendant, Martin and Mrs. Doty denied. This is the state's evidence, tending in no other way to connect Mose (Sonny) Doty with driving the car except there was blood on Martin Doty's left shoulder, which Martin Doty said got on his left shoulder when Mrs. Doty was taken to the hospital after the collision. In this connection Martin Doty, the defendant's brother, testified both at the preliminary and at the trial that he himself was driving the car and not Mose Doty, the defendant. In this he was corroborated by both Mose (Sonny) Doty and his wife. There was no other evidence tending to establish he was driving the car. Martin Doty explained his reason for being in the automobile in the position in which he was observed by Buckley to the effect that he got back in the automobile in an effort to remove Mrs. Doty therefrom. Upon the foregoing evidence the jury found the defendant guilty of driving the automobile as alleged but left the punishment up to the court.

It developed in the argument here, that Buckley, the state's principal witness, had been arrested and charged with the theft of Mr. Rice's overcoat. Thereafter he pleaded guilty to petit larceny. This fact casts a cloud of doubt over the credibility of Buckley's testimony which is weak at best.

It is contended by the defendant in relation to who was driving the automobile that the evidence being purely circumstantial, it is not sufficient to overcome the presumption of innocence that the defendant is entitled to under the law and to sustain his conviction. It is fundamental that one charged with crime may be convicted

upon circumstantial evidence as well as direct and positive testimony. Courtright v. State, 79 Okla. Cr. 270, 154 P. 2d 588. The Attorney General urges that the evidence is sufficient to exclude every reasonable hypothesis other than the defendant's guilt. The universally fundamental rule followed by this court is that the facts and circumstances proved must not only be consistent and point to the guilt of the defendant, but they must be inconsistent with his innocence. Sies v. State, 6 Okla. Cr. 142, 117 P. 504; Key v. State, 22 Okla. Cr. 284, 210 P. 1044; and in Davis v. State, 18 Okla. Cr. 112, 193 P. 745, 746, in the body of the opinion this court said:

"It is incumbent upon the state to prove every essential element of the crime by evidence beyond a reasonable doubt, and a conviction based upon circumstances which raise merely suspicions of guilt should not be allowed to stand."

In Starr v. State, 63 Okla. Cr. 302, 74 P. 2d 1174, this court said:

"When, in the trial of a criminal case, the evidence relied on to connect the accused with the crime charged is entirely circumstantial, it must do more than raise a suspicion or inference of guilt, but must point clearly and conclusively to guilt and exclude every reasonable hypothesis of innocence. * * *

"Where the evidence only raises a suspicion of the guilt of the accused, it is insufficient to sustain a conviction. Suspicion is not proof, and the court should direct a verdict under such circumstances."

For other cases in which the rule relative to circumstantial evidence is stated, see Atkins v. State, 81 Okla. Cr. 197, 162 P. 2d 195; Courtright v. State, supra; Sears v. State, 79 Okla. Cr. 437, 156 P. 2d 145; Barcus v. State, 60 Okla. Cr. 351, 44 P. 2d 897. In Cook v. State, 71

386

Okla. Cr. 65, 108 P. 2d 184, wherein in addition to stating the rule relative to circumstantial evidence, this court said:

"It is well-settled law in this state that if there is evidence to support the conviction, this court will not weigh the sufficiency of the same to support the verdict. It is, however, equally well-settled law in this state that this court will consider all the evidence to ascertain whether a verdict is in fact founded upon sufficient evidence to warrant a conviction."

When measured by the foregoing rules, the most that can be said for the evidence in the case at bar is that it tends to raise a suspicion that the defendant was driving the automobile at the time the fatal collision occurred. It certainly is not, in the opinion of this court, sufficient to overcome the presumption of innocence which follows the defendant throughout the trial until overcome by competent proof establishing his guilt beyond a reasonable doubt. For all of the foregoing reasons the conviction and judgment and sentence herein imposed is vacated and set aside and the defendant ordered discharged and his bond exonerated.

JONES, P. J., and BAREFOOT, J., concur.