Ray SPEARS, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12983.

Court of Criminal Appeals of Oklahoma.

Jan. 4, 1961.

E. B. McMahan, O. A. Showalter, Boise City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Ray Spears, plaintiff in error, and hereinafter referred to as the defendant, appeals from a conviction for burglary 2nd degree. His appeal relies for reversal upon the sole contention that the jury's verdict is not sustained by the evidence presented at trial.

The record reveals that J. D. Harvey was the owner of a building close to Boise City, Oklahoma; a shed type building with driveway between to storage bins. Here he kept machinery and grain (wheat). Mr. Harvey visited the building often and had been there on the 1 & 2nd of July. On the morning of the 3rd of July he discovered the lock was open and that approximately 215 bushels of wheat was missing. A truck in said building showed evidence of having been driven and a scoop of wheat was still in the bed. The gas tank was about empty and the motor was ruined. A Mr. Welch testified he lived in Baca County, Colorado and that he wrote Frank Netherland to bring him some feed. That he had bought feed from him before. That on the night of July 2 Frank Netherland along with two other men brought a truck load of wheat. He did not know the other two men. The wheat was dumped and Mr. Welch paid $80 on the account and agreed to pay the balance when it was sacked and weighed. On July 15 two men came to Mr. Welch's house and sacked the wheat and received a check for the balance. Mr. Welch could not identify either person but at the request of one, the check was made payable to the defendant who cashed the check at the Shamrock Service Station in Boise City, Oklahoma.

Defendant testified that a man approached him on the morning of the 15th to work for him. That the work would require 6 or 8 hours and he would pay $15. That he rode with the man to Mr. Welch's ranch where they sacked the wheat in about 4½ hours. That the man was reluctant to pay $15 for only 4½ hours labor but finally agreed and defendant asked that the check for his labor be made payable to him. The man suggested that the entire check be made payable to defendant. Defendant stated they drove to Boise City and that he cashed the check, kept $15 and gave the rest to the man who hired him. That he had never seen the man before or since; did not know his name and described him as gray around the temples, about 170–175 pounds, and in his 40's.

Defendant's alibi was corroborated by three witnesses who testified that from July 2 until July 4 defendant was in Dalhart, Texas, helping them overhaul a car. That defendant stayed at their house during the time. He denied having anything to do with sale or possession of the wheat and if stolen he knew nothing about it. This about sums up the case.

The evidence in the case at bar is far from conclusive of defendant's guilt of burglary second degree, and is not sufficient to exclude every other reasonable hypothesis consistent with defendant's innocence. The verdict of the jury could only be mere surmise or suspicion not supported by sufficient proof. There is no testimony in the record remotely showing that the wheat sold to Mr. Welch in Colorado was the wheat or same type wheat as that lost by Mr. Harvey in Oklahoma. Mr. Harvey identified his wheat as Wichita wheat but no comparison or identification is given to the wheat purchased by Mr. Welch. There is no connection as far as the evidence is concerned. The record is void of any testimony connecting defendant with the burglary and asportation of the property allegedly stolen. This Court has held in the case of Moore v. State, Okl.Cr., 304 P.2d 357, 358:

"To sustain a conviction, it should appear not only that the offense was committed, but the evidence incul-

pating, the defendant should do so to a degree of certainty, transcending mere probability or strong suspicion. A verdict will not be disturbed for insufficiency of the evidence when there is evidence, although it may be conflicting, from which the jury may reasonably or logically draw the conclusion that the defendant is guilty. However, the converse of the rule is equally well settled that where there is no evidence to support a verdict or where it is of such a weak and inconclusive character that a conclusion of guilt may not reasonably be drawn from it, it is the duty of this Court to set aside such verdict as contrary to the evidence."

The record reveals an affidavit from Frank Netherland attached to a motion for new trial. He says in the affidavit that defendant was not one of the parties with him on July 2 when he sold Mr. Welch the wheat in Colorado. That he had related this information to the sheriff before the trial. He was not called as a witness.

Defense counsel was appointed on the day of trial and were no doubt handicapped in checking out the witness.

Upon careful deliberation the court feels that this was not merely a question for the jury to weigh the testimony but on the contrary, it presents a want of proof connecting the defendant with the burglary and asportation of the property stolen. The check made payable to defendant by Mr. Welch for wheat purchased in Colorado is not alone sufficient to connect defendant with the burglary and the carrying away to justify the conviction.

■ The judgment of the trial court is reversed and the cause remanded for further disposition. If additional evidence can be obtained connecting defendant with the commission of the crime, the case should be retried; if not the case should be dismissed.

POWELL, P. J., and BRETT, J., concur.