**Charles E. JACKSON, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13652.**

Court of Criminal Appeals of Oklahoma.

June 23, 1965.

John L. Green, Shelton Skinner, Shawnee, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., John L. Clifton, County Atty., Pottawatomie County, Shawnee, for defendant in error.

TOM BRETT, Judge.

Plaintiff in error, Charles E. Jackson, hereinafter referred to as the defendant, was charged in the district court of Pottawatomie County, Oklahoma with the crime of second degree burglary, after former conviction of a felony. He was tried by a jury, found guilty, and sentenced to serve a term of from fifteen to forty-five years in the State Penitentiary at McAlester, Oklahoma. From that judgment and sentence

defendant has filed his timely appeal to this Court.

The appeal was perfected by defendant's court-appointed counsel.

The defendant sets out twelve assignments of error in his petition in error, and argues these under four propositions in his brief. The County Attorney for Pottawatomie County filed an answer brief for the State, and argued the matter before this Court when it was set for oral argument on June 9, 1965.

At the close of the oral arguments, counsel for the defendant entered their oral motion to have this case advanced for an early opinion. The motion was granted, and the case was submitted for consideration.

The facts, briefly stated, are: On March 2, 1965 the Shawnee Planing Mill was burglarized. When the police arrived at the scene of the burglary, one of the policemen observed a man inside the Mill office, who was later identified to be Frank Coursey. Three men were actually observed at or in the planing mill, and the police suspicioned that four men committed the burglary. Frank Coursey escaped capture and a search for him was initiated. Some two or three hours after the burglary occurred, and some five miles from the scene of the crime, the police apprehended Frank Coursey in the company of this defendant. They were walking down the highway together.

The defendant was arrested because he was with Frank Coursey, and because the police suspicioned that he had participated in the burglary. However, none of the witnesses identified the defendant as having been seen at the scene of the burglary. The extent of the proof against the defendant seems to be: that the defendant was arrested in the company of Frank Coursey; that the defendant and Coursey were acquainted with each other; and, that they had been seen together at the Central Lounge in Oklahoma City prior to the occurrence of the burglary. None of the witnesses, however, could actually place the defendant at the scene of the crime, except by a series of circumstances, which the State contended were sufficient to convict him of the crime.

Defendant's basic contentions are that the circumstantial evidence on which he was convicted is far too remote to connect him with the commission of this specific crime; that the verdict of the jury is not sustained or supported by sufficient evidence, and that the verdict is contrary to law. He points out in his brief that the only connecting links with which the State attempts to associate the defendant with this crime are: that the police suspicioned that four men participated in the burglary; that when Frank Coursey was arrested the defendant was with him; that the defendant knew Frank Coursey and had been seen talking with him in Oklahoma City; and, that the defendant failed to deny the fabricated story told by Coursey.

■ The County Attorney in his brief places considerable emphasis on the fact that the defendant did not take the witness stand in his own behalf. In the case of Thurmond v. State, 57 Okl.Cr. 388, 48 P.2d 845, p. 856, Judge Davenport, while reciting from Watson v. State, 7 Okl.Cr. 590, 124 P. 1101, said in his opinion handed down in 1935:

> " * * * The defendant cannot be compelled to testify, and if his testimony is given, it must be voluntary upon his part."

■ One of the basic tenets of our criminal law is that the defendant is presumed to be innocent until the contrary is proved. This places the burden upon the State to prove all the elements of the crime, and that the crime was committed by the defendant, as charged. Title 22 O.S.A. § 836, provides:

> "A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt as to whether his guilt is satisfactorily shown, he is entitled to be acquitted."

This defendant was arrested on suspicion, and was convicted on circumstantial evi-

dence, which fails to place him at the scene of the crime when it was committed. None of the witnesses testified that they saw this defendant at the Shawnee Planing Mill. Three men were positively identified as having been seen at the Mill. The State contended and attempted to prove by circumstantial evidence alone that four men were involved in the crime, and that this defendant was one of the four.

■ If we are to assume that the State's contention is true, and that there were four men involved in the burglary, on the record before us we would still be required to hold that the evidence concerning this defendant is insufficient to sustain this conviction.

■ In Dowell v. State, 67 Okl.Cr. 455, 94 P.2d 956, quoting from the early case of Sies v. State, 6 Okl.Cr. 142, 117 P. 504, it is said:

"Where the evidence is wholly circumstantial, and the facts and circumstances in evidence are of such a character as to fairly permit an inference consistent with innocence, it cannot be regarded as evidence sufficient to support a conviction."

See also Hubbard v. State, 71 Okl.Cr. 373, 112 P.2d 174; Moulton v. State, 88 Okl. Cr. 184, 201 P.2d 268; Spears v. State, Okl.Cr., 358 P.2d 662.

We are of the opinion, therefore, that the circumstantial evidence on which this defendant was convicted is insufficient to sustain the verdict of the jury, and that the defendant's motion for a directed verdict should have been sustained.

Therefore, for the above and foregoing reasons, the judgment and sentence is accordingly reversed with directions that in the event the State can offer no further proof as to defendant's guilt, to dismiss the within action.

BUSSEY, P. J., and NIX, J., concur.