**Jeffrey Timothy LANDRIGAN, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F-83-350.

Court of Criminal Appeals of Oklahoma.

May 13, 1985.

Ronald E. Hignight, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

**OPINION**

PARKS, Presiding Judge:

The appellant, Jeffrey Timothy Landrigan, was charged with, tried for, and convicted of Murder in the First Degree in the District Court of Washington County, Case No. CRF-82-228. He was sentenced to life imprisonment. We reverse.

Appellant's conviction stemmed from the fatal stabbing of his best friend, Greg Brown, after they and some friends had smoked marijuana and drank whiskey at a trailer park in Dewey, Oklahoma, on August 24, 1982.

According to testimony presented at trial, appellant, accompanied by his wife and son, arrived at the trailer home of Gordon Aiken at about 8 p.m. that evening. Soon after they arrived, appellant, his family and Aiken went to purchase a fifth of whiskey. On their way back to the trailer park, the

group picked up appellant's brother-in-law, Robert Martinez. When they returned to the trailer, appellant, the victim, David Detjan and Donna Favier began drinking whiskey and smoking marijuana cigarettes.

Appellant and the victim began calling one another a "punk," and began arguing whether appellant could beat the victim in a fight. As appellant started to leave, the victim pushed him against the trailer wall, and told appellant, "if you want to settle the argument, we can take it outside." The victim went outside, followed by the appellant. According to Aiken's testimony, appellant was holding a knife behind his back. Aiken testified he rushed to a bedroom to find his rifle. In the meantime, however, appellant lunged at Brown and stabbed him in the chest. Aiken returned to the living room with the rifle. Detjan took the rifle, pointed it at appellant and told him to "back up or I'm going to blow your head off." Appellant escaped between two cars as his victim collapsed on the ground.

Appellant ran to the machine shop of Alvin Burns and told Burns that he had "wasted a guy." He later told Washington County Undersheriff Jim Eppler, "Jim, I tried to kill the m_____ f_____. I don't take that shit off nobody. I cut him twice. I think I cut him twice."

Appellant testified on his own behalf that as the men continued to drink, he could see that what began as friendly teasing was now making the victim angry. Appellant testified that, as he was leaving, the victim grabbed him by the throat and threatened to "whip my ass." Appellant said the men went outside. He also testified that he attempted to go back into the trailer, but someone inside pointed the shotgun in his direction. Appellant jumped at Brown, but did not know he had a knife in his hand when he hit the victim. However, Brown did have a knife as he approached appellant, according to appellant's testimony.

The trial court issued instructions on both murder in the first degree and the lesser included offense of manslaughter in the first degree.

Appellant raises three assignments of error in his brief-in-chief. We agree with appellant that two of these assignments of error have merit, and we accordingly reverse and remand this conviction for a new trial.

In one assignment of error, the appellant asserts the trial court committed error by commenting on the credibility of three key state witnesses. Each of the three witnesses—Aiken, Detjan, and Favier—had previously testified the gun Detjan pointed at appellant was unloaded. Later in the trial, they recanted this testimony and admitted the gun was loaded.

■ It has long been the rule of this jurisdiction that a trial court cannot indicate its opinion, either expressly or impliedly, intentionally or otherwise, as to the credibility of a witness. *See Winters v. State*, 545 P.2d 786 (Okl.Cr.1976), citing *Holcomb v. State*, 95 Okl.Cr. 55, 239 P.2d 806 (1952). *Accord Black v. State*, 664 P.2d 1054 (Okl.Cr.1983). However, the trial judge here made several extemporaneous comments before the jury, leaving no doubt as to his opinion of the witnesses' credibility. The essence of this opinion was embodied in his final remarks when he said, "... After hearing you three young people testify, I believe I can see why you misstated the truth, but the law is to be respected, not feared. The law is on your side. I think you have learned that here today." That comment, as well as other similar remarks,[1] did more than just bolster their testimony; it alligned the court on the

---

1. The trial court also stated:

A) ... the truth must prevail and be brought out. I granted immunity from prosecution for perjury. She realizing, of course, the error of her way. And addressing myself to her and the members of the jury, I pray this will never happen again and having this faith in these young people, I don't believe it will.

B) ... I granted him [a State witness] immunity in order to seek out the truth in this matter. In doing so, I just only dedicate myself to the fact that I want the truth to prevail and that these young people have learned a very valuable lesson. I felt that they have.

side of the prosecutor and these three State's witnesses. *Brannin v. State,* 375 P.2d 276 (Okl.Cr.1962). *See also Caffey v. State,* 661 P.2d 897 (Okl.Cr.1983).

■ Although the admitted perjury was on a collateral issue, the balance of their testimony was the State's proof of "external circumstances" needed to establish the pivotal element of malice aforethought for murder in the first degree. We have held that the credibility of witnesses is a jury determination as fundamental and sacred as the question of guilt or innocence. *Holcomb v. State, supra.* The whole manner in which the perjured testimony was handled was prejudicial to the rights of this appellant.

■ Of equal concern to this Court is the prosecutor's comments on summation, which we believe also contributed to a denial of appellant's right to a fair trial. The prosecutor argued that "[i]t needs to be shown to Mr. Landrigan that the people of this county will not condone homicide, even if it's convicted criminal drug users." We will not condone language which plays on societal alarm. *Jones v. State,* 554 P.2d 830 (Okl.Cr.1976). Furthermore, the prosecutor appealed to the jury to remember appellant's criminal record in considering the verdict. These comments also were improper. *See O'Brien v. State,* 540 P.2d 579 (Okl.Cr.1975).

Accordingly, based on the above-noted errors, we REVERSE and REMAND this case for a new trial.

BRETT, J., concurs.

BUSSEY, J., dissents.

BUSSEY, Judge, dissenting:

The evidence discloses that the appellant struck and killed the victim with a knife which he had concealed behind his back, fled the scene, admitted to Alvin Burns that he had "wasted a guy," and told the Washington County Undersheriff that he tried to kill the victim. The judgment and sentence, which is the minimum sentence authorized by law for this offense, should not be reversed and remanded because of the unfortunate remarks of the judge and the unobjected to comments by the prosecutor.