Marcus Russell **MILLER**, Appellant,

v.

**STATE of Oklahoma**, Appellee.

No. F–90–747.

Court of Criminal Appeals of Oklahoma.

Nov. 24, 1992.

As Corrected Dec. 10, 1992.

Barry Derryberry, Asst. Appellate Public Defender, Tulsa, for appellant.

Susan Brimer Loving, Atty. Gen. of Oklahoma and Sid Brown, Asst. Atty. Gen., Oklahoma City, for appellee.

### OPINION

LANE, Presiding Judge:

Appellant, Marcus Russell Miller, was convicted of Grand Larceny (21 O.S.Supp. 1982, § 1731) After Former Conviction of Two or More Felonies in the District Court of Tulsa County, Case No. CF–89–4303. Following a two stage trial, Appellant was sentenced to serve a term of fifty (50) years in the custody of the Oklahoma Department of Corrections.

Although Appellant has alleged a number of trial errors, we find that the case must be reversed and remanded for a new trial due to the improper conduct of the prosecution. Accordingly, we need only address the pivotal issue which requires this result. Because we find that the conduct of the prosecutor (in both stages of the trial) resulted in a denial of Appellant's right to a fair trial, a new trial

must be conducted. There is no need to discuss the underlying facts of the conviction in connection with this outcome.

■ In the closing arguments of the first stage of the trial, the prosecutor told the jury:

Ladies and gentlemen, the defendant stands guilty as charged and the cloak of innocence that he wore, and he did indeed by our law wear it, when you heard the evidence, the evidence is all through now. The dust is settled, a term I used earlier, and that cloak is gone. It's been ripped away from him by the testimony of three men—four men, actually. He stands guilty as charged.

Tr. 253–254.

Appellant asserts that this statement by the prosecutor amounted to an unconstitutional restatement of the presumption of innocence. We agree and find that the error goes to the very fundamental principal of our jurisprudence, thus must be considered regardless of the lack of appropriate objection at trial. *Jackson v. State,* 403 P.2d 518 (Okl.Cr.1965); *Carroll v. State,* 347 P.2d 812 (Okl.Cr.1960). *See also Parks v. State,* 765 P.2d 790 (Okl.Cr.1988); *West v. State,* 764 P.2d 528 (Okl.Cr.1988).

A nearly identical comment was considered by the Tenth Circuit Court of Appeals in connection with the granting of habeas corpus relief to an Oklahoma defendant[1]. In *Mahorney v. Wallman,* 917 F.2d 469 (10th Cir.1990), the court reversed the conviction and remanded the case for retrial. The court held that the prosecutor's misstatement of the law with respect to the presumption of innocence made the trial fundamentally unfair in light of the lack of specific, strong instructions from the court explaining the relationship of the presumption to the trial process. We find the same result to be warranted in the instant case. The comment by the prosecutor was mis-

leading and if relied upon by the jury, it would serve to deny Appellant an important constitutional right.

■ Notwithstanding the fact that this case must be retried based on the first stage error, we feel compelled to make some mention of the prosecutor's repeated improper argument in the second stage of the trial as well. On at least seven occasions, the prosecutor pointed out to the jury that Appellant had been previously sentenced to serve prison terms equaling twenty-five years, yet only nine years later, he had committed the crime for which he was on trial. The prosecutor did not stop at these comments, however. In addition, he told the jury that Appellant was a "criminal predator'" and that they should put "him away for as long as you possibly can far away from you." Tr. 274, 276.

Although this case involved larceny from a retailer, the prosecutor continued to play on the fear of the jurors by telling them "and it is true that the crimes we cited are property crimes. But what is unimportant about that, when you come home and find your home burglarized." Tr. 283. Certainly these comments were designed not only to focus the jury's attention on the effect of pardon and parole, but also to invoke an alarm response, resulting in a greater sentence. We have repeatedly condemned such statements and do not depart from that position here. *See Jones v. State,* 738 P.2d 525 (Okl.Cr.1987); *Atterberry v. State,* 731 P.2d 420 (Okl.Cr.1986); *Landrigan v. State,* 700 P.2d 218 (Okl.Cr.1985), *Capps v. State,* 674 P.2d 554 (Okl.Cr.1984). This case involved the theft of gloves and underwear from a retailer. The sentence of fifty years clearly indicates that the jury was influenced by the improper comments of the prosecutor.

Appellant's conviction is REVERSED and REMANDED for a new trial.

1. The prosecutor stated, "I submit to your, under the law and the evidence, that we are in a little different position today than we were in when we first started this trial and it was your duty at that time, under the law of this land, as you were being selected as jurors, to actively in your minds presume that man over there not to be guilty of the offense of rape in the first degree, but you know, things have changed since that time. I submit to you at this time, under the law and under the evidence, that presumption has been removed, that the presumption no longer exists, that that (sic) presumption has been removed by evidence and he is standing before you now guilty." *Mahorney,* 917 F.2d at 471.

BRETT, PARKS and JOHNSON, JJ., concur.

LUMPKIN, V.P.J., dissents.

LUMPKIN, Vice Presiding Judge, dissenting:

I must dissent to the Court's improper analogy to the decision in *Mahorney v. Wallman,* 917 F.2d 469 (10th Cir.1990), as to the basis for the reversal in this case; especially in light of the overwhelming, uncontradicted evidence of guilt as presented at trial. The "cloak of innocence" argument in the present case is distinguishable from the argument in *Mahorney.* In *Mahorney,* the prosecutor specifically referred to the legal standard of "presumption of innocence". Here, the argument is merely one of analogy to the fact that the evidence presented at trial shows that the Appellant was guilty as charged. Further, the instructions given to the jury clearly stated the presumption of innocence accorded to the Appellant and the State's burden of proving guilt beyond a reasonable doubt.

Although it is improper to indicate to the jury that the Appellant did not serve a full term of imprisonment for a prior conviction, the comments made in the second stage were not so improper as to have contributed to the length of the sentence imposed. The sentence was clearly based upon the Appellant's prior criminal history, including his seven (7) prior felony convictions. At most, this Court should only consider modification of the sentence if it feels the comments influenced the sentence, not a reversal for a new trial. The undisputed evidence of guilt dictates that if any error occurred, it was harmless error. Therefore, the Court should accept and fulfill its responsibility of appellate review and affirm the conviction.