# ROTHROCK v. STATE.

No. A-11048.   Dec. 21, 1949.

(213 P. 2d 291.)

Raymond A. Trapp, Blackwell, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   The defendant, Andrew Rothrock, was charged by information filed in the district court of Kay county, with the crime of petit larceny after a former conviction of a felony, was tried, found guilty by the jury who left the punishment to be fixed by the court; the trial court thereupon sentenced the defendant to serve two years in the State Penitentiary, and he has appealed.

The single proposition presented by the appeal is whether the evidence is sufficient to sustain the conviction.

Lawrence Stewart testified for the state that he and the defendant were together most of the day on July 12, 1947; that they drank beer together that day; that a little after dark, he and the defendant went to the Kasl Drug Store to secure some dice; that the witness went up to the man at the cash register and asked for a particular type of dice, and was informed that they did not have that kind of dice; that as the witness started to leave the store, he saw defendant standing by a table in the center of the store; that he saw defendant pick up a clock and place it under his shirt; that when they got on the outside of the store, defendant said, "this is worth four of five dollars to me"; that they were riding in defendant's car, and when they arrived at the car, defendant took the clock out of his shirt and threw it into the back seat of the car; that they then went to the Bradshaws and stayed until about midnight; that when he went home that night, he took the clock for the purpose of returning it to the drugstore, but did not do so; that he was arrested two days later for the theft of a fan, and told the police about the clock, and the police recovered it from the home of Stewart's parents where Stewart lived.

Archie McAlester testified that he was in the Kasl Drug Store the night of July 12, 1947; that he saw Lawrence Stewart and the defendant in the store; that he was not personally acquainted with defendant, but knew him by sight; that he knew Stewart personally; that he was watching Stewart, and as Stewart started to leave the store, saw him turn to speak to some one, and at that moment saw the defendant pick up a clock on the table and take it with him.

A clock which had been previously identified by the witness Stewart was shown to McAlester and he testified

that the clock that he saw defendant take from the table in the drugstore was similar to that clock; although he did not pay particular attention to it. He testified the clock was not wrapped, that no clerks were near defendant when he took the clock, and he did not see defendant pass any money to anybody or have any conversation with anyone; that defendant was dressed in khaki; that later that evening he reported to the manager of the drugstore what he had observed.

Harold R. Hutton, manager of the Kasl Drug Store, testified that the store had a clock similar to the one introduced in evidence which was recovered from Lawrence Stewart, on display in their store on July 12, 1947; that they only had one clock of this type which was a Sessions electric clock, and that its loss was discovered about 10 p. m., July 12, 1947, after Archie McAlester related the incident to them.

W. R. Withrow, chief of police, testified to the recovery of the clock at the home of Lawrence Stewart's parents in Blackwell; that Stewart did not tell him anything about the clock until after the clock had been recovered, at which time he related the story to which he testified.

The defendant did not testify, but two witnesses testified in his behalf that they were present at the Bradshaws on the evening in question and saw the defendant; that he was dressed in a light shirt with dark trousers. This evidence was introduced for the purpose of refuting the testimony of the witness McAlester that the defendant was dressed in khaki clothes the night the clock was taken.

Although, Lawrence Stewart denied any complicity in the theft of the clock, there was ample evidence from

which the jury could conclude that he was an accomplice, and in passing on the sufficiency of the evidence, we assume that the witness was an accomplice under the evidence, and that his testimony must be corroborated in accordance with the law by independent evidence which tends to connect the accused with the commission of the offense before a conviction may be sustained. Tit. 21 O. S. 1941 § 172.

It cannot be said that the state made a strong case against the defendant. The clock was found in possession of the witness Stewart. However, the evidence of the witness Archie McAlester positively connected the accused with the commission of the crime. The fact that two witnesses for the defense testified that defendant was dressed differently the night in question to the way McAlester said he was dressed, went to the weight of McAlester's testimony. Although we might have reached a contrary verdict if we had been on the jury than that which was arrived at by the jury, still this court should not invade the province of the jury where there is sufficient evidence, if believed by a jury, to support the conviction.

In Pooler v. State, 70 Okla. Cr. 199, 104 P. 2d 733, 105 P. 2d 553, this court stated:

"Where the evidence is conflicting, the weight of the evidence and the credibility of the witnesses is for the jury. This court will not substitute its judgment for that of the jury and the trial judge, where there is evidence reasonably tending to support the conclusions arrived at by the jury."

The jury was unable to agree upon the punishment and the trial court sentenced the defendant to two years' imprisonment in the penitentiary. After a full consideration of the all the facts and circumstances as disclosed

by the record, it is our opinion that the judgment and sentence is excessive and should be modified to one year.

It is therefore ordered that the judgment and sentence of the district court of Kay county be modified from two years imprisonment in the State Penitentiary to a term of one year imprisonment in the State Penitentiary, and the judgment and sentence as thus modified is affirmed.

BRETT and POWELL, JJ., concur.