## EDWARDS v. STATE.

No. A-11584.   Oct. 8, 1952.

(248 P. 2d 1053.)

Carl C. Wever, Pawhuska, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, J. Rush Edwards, defendant, was charged by information filed in the district court of Osage county, Oklahoma, with the crime of assault with a sharp and dangerous instrument with intent to do bodily harm, was tried before a jury, convicted and his punishment fixed at imprisonment in the State Penitentiary for a term of two years. Appeal has been duly perfected to this court.

Although a number of specifications of error are set out in petition in error, no proposition of error is stated in the brief. The effect of the argument

presented is that the evidence was insufficient to support the verdict and judgment.

We have carefully read the record and find there was sufficient competent evidence admitted that if believed by the jury was sufficient to convict.

Somewhere around 1:00 a.m. on May 20, 1950, one Dave Easley and two companions were walking in front of Pearl Ales' cafe on the edge of the colored section of Pawhuska. They were on their way to the home of Henry Woods, who was in the party. Easley testified that he saw three colored boys come out of "Big Pearl's and one of them came up to him and said, "What are you white bastards doing down here?" And that he made a swing at witness and cut him on the shoulder, face and arm. Witness identified the person who cut him. He stated that Edwards then ran away, "Like a scared rabbit." Another colored man came up and called a cab for him and was assisted in getting witness on the way to a doctor. Dr. C. S. Stotts testified to sewing up the cuts made on the witness, and stated that in his judgment they were made by a knife.

The evidence developed that Dave Easly and his companions had been to one or more beer joints that night drinking beer, but Easly claimed that neither he nor his companions were drunk. The evidence of Alex Pappan and Henry Woods was substantially as that of the victim of the cutting, except that they did not see the assailant's face sufficiently to identify him.

Pearl Ales testified that the defendant and three other persons, Paul Matthews, Sunny Jefferson and Cloman West, had been in her place, eating fish the night in question and that Edwards wanted to shoot dice and she would not permit any gambling. She stated that he had a knife in his hand just before leaving, though she could not tell whether it was open or not. She did not hear any conversation outside, or learn of the cutting until later.

Paul Matthews testified to being at the Ales place with Edwards and others and stated that it was about 1:00 a.m. when they left, Edwards leaving about three minutes prior to the others. When witness got out he stated that he saw Rush Edwards, the defendant, talking to some white boys, then he saw someone running away. He admitted that he too had been drinking beer during the evening.

Sun Jefferson testified that he saw the three white boys and heard some one say one had been cut, so he ran away.

Rush Edwards, the defendant, testified that he lived two houses away from the Pearl Ales place, and he admitted having been at her place the night in question, but denied having a knife or cutting Easley.

As we have so often stated, where the evidence is conflicting, the weight thereof and the credibility of witnesses is for the jury, and this court will not substitute its judgment for that of the jury where there is evidence reasonably tending to support the conclusion reached by the jury. Hunt v. State, 81 Okla. Cr. 114, 161 P. 2d 82; Bisanar v. State, 93 Okla. Cr. 7, P. 2d 795.

The case is affirmed.

BRETT, P. J., and JONES, J., concur.