## WORLEY v. STATE.

No. A-11867. Oct. 21, 1953.

(262 P. 2d 483.)

C. F. Bliss, Jr., Tahlequah, and G. O. Grant, Stilwell, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., Willis L. Smith, County Atty. Adair County, Stilwell, for defendant in error.

POWELL, P. J. Harve Worley, the plaintiff in error, was convicted in the district court of Adair county of the crime of larceny of domestic animals; that is to say, a black barrow hog, and the jury assessed punishment at imprisonment in the State Penitentiary for a term of seven years.

We have read the record carefully. Some eight persons testified for the state on direct examination, and about an equal number for the defendant. No useful purpose would be served by a summary of the evidence. It is voluminous. Suffice to say, the prosecuting witness, George Robbins, owned a black guinea barrow hog weighing about 135 pounds, with straight, small ears that stood up, black hoofs with a white line. The defendant's hogs ran with this hog and frequently bedded down with him at Robbins' place. The territory was open range country. Robbins missed his hog and hunted him, and on information from a neighbor called when the defendant and others were cutting up hogs and identified his hog from the ears and hoofs. There was a sharp conflict in the evidence, but it was shown that the defendant had served a term in the State Penitentiary for arson, and had also been convicted of violating the liquor laws. This could be considered by the jury in the weight that they would give to the evidence of the defendant. Though there was conflict, there was ample evidence to sustain the verdict of the jury and as we have so often held, the function of this court in considering the sufficiency of the evidence is limited to ascertaining whether there is a basis in the evidence on which the trier of the facts could reasonably conclude that defendant was guilty as charged, and where there is such a basis, the conviction will not be reversed for the insufficiency of the evidence. Rothrock v. State, 90 Okla. Cr. 251, 213 P. 2d 291; Doty v. State, 88 Okla. Cr. 381, 203 P. 2d 444; Edwards v. State, 96 Okla. Cr. 86, 248 P. 2d 1053; Parks v. State, 83 Okla. Cr. 70, 173 P. 2d 234; Chapman v. State, 90 Okla. Cr. 224, 212 P. 2d 485.

An issue is raised, however, which if valid would defeat the verdict of the jury.

It appears from the record that after the jury was sworn, and just as the county attorney completed reading the information, the court stopped the proceedings and excused the jury. The court thereafter dictated into the record the following statement:

"The jury having been sworn and the county attorney having started his opening statement and not having completed it and no witnesses having been examined, it is made to appear to the court by counsel for the State that one of the jurors, D. C. Kirby, was in case No. 6092, Criminal, in this court, on the 29th day of November, 1926, convicted on a charge of manslaughter or assault, and was given a term of three years in the State penitentiary, the court after having all the jurors leave the court room, upon summonsing Mr. Kirby into court and in the presence of counsel for the State and the defendant, Mr. Kirby stated that he is the man who was convicted in such case and that he had served said term in the penitentiary. The matter was called to the attention of the court by the county attorney, who requested that before the trial proceeded further he be allowed to challenge Mr. Kirby and that another juror be called in his place. The request of the county attorney appears to be in accord with

Section 653 of Title 22 of the Code of Criminal Procedure of the State of Oklahoma, of the Oklahoma Statutes of 1951, and the request of the county attorney will be granted and the jury will be recalled and a final peremptory challenge be allowed to the county attorney to challenge this juror.

"Mr. Grant: To all of which the defendant objects and excepts."

The jury was then recalled, and the court stated, in part:

"Gentlemen, the case was just getting started, when we got to a point where the county attorney had started his statement and a matter arose which in the opinion of the court makes it proper to re-open the question of challenges to the jurors, and so the State will be allowed—or the court, rather, on its own motion, in view of the question raised, will excuse Mr. Kirby. Mr. Kirby for the reasons you stated to the court you are excused from further attendance upon the court. You may leave now and go about your business. The court clerk will see that you are paid."

When the court reconvened at 1:30 p.m., the following took place:

"Mr. Smith [County Attorney]: If the court please, in the case at issue I should like to have permission to amend our showing relative to the dismissal of one of the jurors, and state that the discovery of the fact that one of the jurors, Dave Kirby, had been convicted of a felony and served a term of three years in the penitentiary; that with due diligence it was impossible for the county attorney to know that Dave Kirby, who was convicted was the same person as listed on the jury list as D. C. Kirby and by reason of this surprise, asks, as the State has not used all of its peremptory challenges, we now request that we be permitted, the State be permitted to have another juror called in lieu of and in the place of the juror who is disqualified by law.

"The Court: The amendment will be allowed and the challenge treated as a peremptory challenge by the State and the defendant if he so desires will be allowed the right to a peremptory challenge.

"Mr. Grant: The defendant objects to the amendment and asks the case to be dismissed.

"The Court: The plea will be denied and defendant excepts.

"(Whereupon twelfth juror is called and examined, and the defendant waived right to further peremptory challenges, and the entire twelve jurors is re-sworn by the court clerk.)

"The Court: All the witnesses will please stand up. We will have to re-swear the witnesses in view of the fact we have re-sworn the jury. Re-swear the witnesses on both sides.

"(Whereupon the witnesses are again sworn by the court clerk.)"

Tit. 22 O.S. 1951 § 656, provides:

"A challenge for cause may be taken either by the State or the defendant."

And Section 653 of the same Title provides:

"It must be taken when the jury is full, and as soon as one person is removed by challenge, another must be put in his place, until the challenges are exhausted or waived. The court for good cause shown may permit a juror to be challenged after he is sworn to try the cause, but not after the testimony has been partially heard."

From the wording of the above statute it is clear that it was enacted to take care of just such a situation as existed in this case, where the disqualification of an individual juror became known prior to any evidence being heard, in fact, prior to the county attorney doing more than read the information. He had not yet even outlined to the jury what he would attempt to prove.

In considering the last statutory provision, this court said in Hamilton v. State, 79 Okla. Cr. 124, 152 P. 2d 291:

"A challenge to an individual juror must be taken when the jury is full, and as soon as one person is removed by challenge, another must be put in his place, until the challenges are exhausted or waived. The Court for good cause shown may permit a juror to be challenged after he is sworn to try the cause, but not after the testimony has been partially heard. 22 O.S. 1941 § 653.

\* \* \*

"The statute, 22 O.S. 1941 § 653, providing that trial court for good cause shown may permit a juror to be challenged after he is sworn to try the cause, applies only to individual jurors who are disqualified, but whose disqualification was not brought out on voir dire examination, but only became known after the jury had been sworn to try the cause and before any of the testimony had been taken."

The attempt of the county attorney to exercise a peremptory challenge after the court reconvened was mere surplusage. It added nothing to what had been done, as disclosed by the quotation heretofore made, to-wit: that the juror was excused for cause; that is, by reason of having been convicted of a felony which disqualified him to sit on the jury. See Tit. 38 O.S. 1951 § 28, and Art. III, § 1, Const. Okla.

It is here contended for the first time that the defendant was in jeopardy when the jury was first sworn While this is true, this did not involve a challenge to the entire jury, and the entire jury was not discharged, but to an individual juror and a new jury was not selected. This was selected to fill in for the disqualified juror. Nothing more. The county attorney then went on to make his opening statement and the first witness was called. We have not been advised where this could have prejudiced or injured the defendant.

Where the disqualification of a juror is not discovered until after trial and conviction, this court has held that a trial court in its discretion, where the facts would warrant, might grant the convicted a new trial. Allen v. State, 70 Okla. Cr. 143, 105 P. 2d 450. It would seem important to both the state and the defense to see that persons disqualified to sit as jurors are excused, and the statutory provisions quoted permit this any time prior to the introduction of evidence.

The assertion that jeopardy attached on the jury being sworn and even prior to the introduction of any evidence is supported by cases from this court. Caples v. State, 3 Okla. Cr. 72, 73, 104 P. 493, 26 L.R.A., N.S., 1033; State v. Frisbee, 8 Okla. Cr. 406, 421, 127 P. 1091. But here, as stated, the jury was not discharged. The accused was deprived of no substantial right, and as a matter of law the action of the court was not error.

It appears that Tit. 22 O.S. 1951 § 513 supports the contention of the Attorney General that jeopardy must be plead, and at no time after the disqualified juror was excused and another substituted to serve in his stead was such a plea attempted to be entered, nor was an objection interposed to the further proceedings for such reason. From the record, the question was raised for the first time in motion for new trial. It came too late, but above that it was not valid.

By reason of the foregoing, the case is affirmed.

JONES and BRETT, JJ., concur.