W. A. ADAMS v. STATE.

No. A-6101.   Opinion Filed Oct. 1, 1927.
(259 Pac. 665.)

Hill & Criswell, for plaintiff in error.

The Attorney General, for the State.

DOYLE, P. J.   On information charging W. A. Adams and May Adams with transporting intoxicating liquor from a point unknown in Seminole county to a point on a section line about one-fourth mile north of Wewoka, they were jointly tried.   May Adams was ac-

quitted, and the appellant was found guilty as charged, and in accordance with the verdict was sentenced to pay a fine of $300 and to be confined in the county jail for 120 days.

The main, if not the only, question presented is whether the evidence was sufficient to sustain the verdict.

The testimony of Sia Cope, policeman, Bob Chandler and C. F. Aldridge, deputy sheriffs, is to the effect that they went to a camping place about half a mile north of Wewoka and told appellant that they wanted to search his car and he told them to help themselves; that they did not find anything in the car, but across the fence in a field nearby they found 3 or 4 gallons of whisky; that they did not have a search warrant.

As a witness in his own behalf, W. A. Adams testified that he camped across the bridge just north of Wewoka that evening just before sundown; that he did not have any whisky in his possession; that after he went into camp a man came up and wanted to sell him some whisky and he told him that he did not want any; that about 9 o'clock the officers came and searched his car; that he did not see any whisky, and he did not place any liquor inside the fence; that he was on his way to Cromwell and was never before arrested.

May Adams, wife of the defendant, testified that she was with her husband, and they did not have any intoxicating liquor in their possession; that after they went into camp a man came there and asked her husband if he wanted to buy some liquor and he told him "No"; that she would guess it was between 40 and 50 feet from the road to the fence.

It is well settled that where circumstantial evidence alone is relied upon, the circumstances must be such as to preclude every reasonable hypothesis other than that of the guilt of the defendant of the offense charged, in

order to sustain the conviction.   Tro v. State, 27 Okla. Cr. 418, 228 P. 530.

The circumstances here relied upon do not meet this requirement and do not, in our opinion, prove possession.

The judgment of the lower court is accordingly reversed.

EDWARDS and DAVENPORT, JJ., concur.