BYNUM RAMBO v. STATE.

No. A-9300.    Nov. 19, 1937.

(73 P. 2d 873.)

190

Wise & Ivester, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and L. G. Brewer, Acting Co. Atty., for the State.

BAREFOOT, J.  The defendant was charged by information with the crime of grand larceny, was tried and convicted, and the jury assessed his punishment at two years in the penitentiary.  From this judgment and sentence he has appealed.

The facts revealed by the record disclose that Dr. C. F. Jones lived in Erick, Beckham county, Okla., and that on the afternoon of May 31, 1936, he left his office for a short while, and when he returned some one had taken a typewriter and a camera, over the value of $20, from his office without his knowledge or consent.  He gave no testimony to connect the defendant in any way with the crime.

A young man by the name of Hare testified that he was working at an ice plant directly across the street east of Dr. Jones' office, and that on the afternoon of May

31, 1936, he saw the defendant, whom he knew and identified, sitting in a Ford automobile near the office of Dr. Jones. Some other person was in the car with him. That he saw some one whom he could not identify, and whom he did not know, in Dr. Jones' office. In a few minutes he saw this party come toward the car where defendant was sitting, and that he appeared to have something large under his coat. He did not see what it was, and could not in any way identify it. This unknown party got into the car in which defendant was at the wheel, and he saw them drive down the street.

Charles Rogers testified that he was the city marshal of Erick and also a deputy sheriff; that he saw three parties driving down the streets of Erick on the afternoon of May 31, 1936, one of whom he identified as Claud Richerson; that they were in what he believed to be a Ford car. He testified that on the following day he talked to Dr. Jones in reference to the loss of a typewriter and camera; that he afterwards found the typewriter in a sack in some bushes about three miles south and one-half mile west of Sayre, in Beckham county, and found the camera in the town of Sayre; but does not testify where he found it or in whose possession; and that Claud Richerson told him: "We got it." He did not tell him who "we" was, but he said, "If you will get those charges dismissed against me I will go and get the stuff," and "we drove out there and got it out of the shinnery thicket in a toesack." This evidence was incompetent as against this defendant. The above was the only testimony introduced, and was all that was shown to connect the defendant with the theft of this property.

The defendant demurred to the evidence and made a motion for a directed verdict of not guilty, which was overruled by the court, and the defendant excepted. He

did not take the witness stand, as he had a right not to do under the law.

From the above statement we are of the opinion that the court erred in failing to sustain the motion for a directed verdict of not guilty. In this case the state relied upon circumstantial evidence for the conviction of the defendant. Under the law where circumstantial evidence alone is relied upon, the circumstances must be such as to preclude every reasonable hypothesis other than the guilt of the defendant of the offense charged before he may be convicted. In the case at bar, the court did not charge the jury upon the question of circumstantial evidence at all. We think an instruction upon circumstantial evidence should have been given; but no exception was reserved to the action of the trial court in failing to give such an instruction. We would not, therefore, reverse this case for this reason if that was the only error; but there was nothing shown by the state to connect the defendant with the property that was stolen; nothing to show he took it to where it was afterwards found, or that he had possession of it in any way. There might be many reasonable hypotheses as to why he was seen in the car with defendant. We are of the opinion that the evidence was wholly insufficient to connect the defendant with the crime of larceny. Matthews v. State, 8 Okla. Cr. 676, 130 Pac. 125; Kirk v. State, 10 Okla. Cr. 281, 135 Pac. 1156; Bryan v. State, 11 Okla. Cr. 180, 144 Pac. 392, 393; Adams v. State, 38 Okla. Cr. 173, 259 Pac. 665; Lynn v. State, 63 Okla. Cr. 55, 72 P. 2d 846; Williams v. State, 38 Okla. Cr. 370, 261 Pac. 977; McLaughlin v. State, 18 Okla. Cr. 137, 193 Pac. 1010, 1012. In the McLaughlin Case, supra, the court says:

"It is well-settled law in this state that if there is evidence to support the conviction this court will not weigh

the sufficiency of the same to support the verdict. It is, however, equally well-settled law in this state that this court will consider all the evidence to ascertain whether a verdict is in fact founded upon sufficient evidence to warrant a conviction.

"If the evidence introduced by the state fails to incriminate the defendant, or as a matter of law is insufficient to show that he is guilty of the offense charged, it is not only the right but the duty of the trial court to advise the jury to return a verdict of acquittal. * * *

"It appears from the record that the sole ground upon which the case was submitted to the jury was that the defendant was found in the stolen car with one of the confessed thieves. It also appears that the charge of the court did not contain an instruction on circumstantial evidence. However, the defendant did not object to the instructions given by the court and did not request any instructions. It is undisputed that the defendant was not in the town of Mannford when his codefendant stole the car in question, or that he had hired Staley and Wilcox to drive him to Tulsa, and there is an entire absence of testimony tending to show that this defendant aided and abetted his codefendants in any way.

"It is unquestionably the law that crime may be established by circumstantial evidence, otherwise society would be at the mercy of the criminal classes, but it is also uniformly held that the circumstantial evidence must go beyond mere suspicion and conjecture, and where circumstantial evidence solely is relied on for a conviction the circumstances tending to show guilt must be consistent, the one with the other, and point so strongly to the guilt of the defendant as to exclude every other reasonable hypothesis except that of guilt. Can it reasonably be said that the fact that this defendant was riding in the stolen car with one who was confessedly the thief was sufficient to show his complicity in the crime charged? It seems to us clearly that it was not, and, for this reason, when the state closed its case in chief, the instruction

asked by the defendant directing the jury to return a verdict of acquittal should have been given at that time."

In the instructions to the jury, the court on several occasions referred to the defendants, Bynum Rambo, Claud Richerson, and Jerry Lauderdale, and said:

"In case you find that said defendants did so take said property, etc., then you will find the defendant, Bynum Rambo, guilty."

The defendant had taken a severance, as he had a right to do under the law. His name should not have been used in the instructions in connection with the other defendants, other than to inform the jury that he alone was on trial.

The contention that the statement of the acting county attorney in his closing argument to the jury was error, is well taken. This statement was:

"This is the last defendant in this case to come before this court and this defendant is just as guilty as the other two."

There was no proof that there were two other defendants, or as to what disposition had been made of their cases. We think that, under all the circumstances, and the weakness of the testimony of the state, it was error for the acting county attorney to state:

"This is the last defendant in this case to come before this court and this defendant is just as guilty as the other two." Zedda v. State, 30 Okla. Cr. 348, 235 Pac. 939; Cline et al. v. State, 57 Okla. Cr. 206, 47 P. 2d 191.

For the reasons above stated, the judgment of the district court of Beckham county is reversed.

DAVENPORT, P. J., and DOYLE, J., concur.