## FRANK GRAY v. STATE.

No. A-9494.  May 12, 1939.

(90 P. 2d 686.)

212

Robt. W. Hoyland and Hugh J. Adams, both of Guthrie, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and C. E. Barnes, Co. Atty., of Guthrie, for the State.

BAREFOOT, J. Defendant was charged jointly with J. C. Bennett and Claud Beardon, in Logan county, with the larceny of domestic fowls; was tried, convicted and sentenced to pay a fine of $100, and serve 60 days in jail, and has appealed.

The only assignment of error urged by defendant is that the court erred in failing to sustain the demurrer to the evidence, and refusing to direct the jury to return a verdict of not guilty as to defendant, for the reason that the evidence was insufficient to sustain a conviction.

After a careful examination of the record in this case, we are of the opinion that this contention should have been sustained. The defendants, J. C. Bennett, Claud Beardon, and Frank Gray, were jointly charged with the larceny of one turkey, of the value of $1.50, the property of Paul A. Olson, a resident of Logan county, on the 3rd day of Oc-

tober, 1937. From an examination of this record, there is nothing to show defendant's connection with this crime except the slightest circumstances. He was in no way identified as being one of the parties who was upon the prosecuting witness' premises at the time the turkey was killed. He was not found in possession of the same. He did not even have a gun in his car at the time he was found. He gives a plausible explanation of his presence, and his movements, which, if true, made it absolutely impossible for him to have been upon the premises of the prosecuting witness, and participated in the killing or larceny of the turkey of the prosecuting witness. He is corroborated in his testimony by many witnesses. To convict the defendant upon this testimony would be upon conjecture, speculation and guess. We well realize that it is often necessary, under the law, to establish a crime by circumstantial evidence. But it is necessary that all the facts and circumstances proven must not only be consistent with the guilt of the accused, but must be consistent with each other, and inconsistent with any other reasonable hypothesis or conclusion than that of defendant's guilt. It must go beyond mere suspicion and conjecture. As we stated in the case of Rambo v. State, 63 Okla. Cr. 189, 73 P. 2d 873, 874:

"* * * But there was nothing shown by the state to connect the defendant with the property that was stolen; nothing to show he took it to where it was afterwards found, or that he had possession of it in any way. There might be many reasonable hypotheses as to why he was seen in the car with defendant. We are of the opinion that the evidence was wholly insufficient to connect the defendant with the crime of larceny. Matthews v. State, 8 Okla. Cr. 676, 130 P. 125; Kirk v. State, 10 Okla. Cr. 281, 135 P. 1156; Bryan v. State, 11 Okla. Cr. 180, 144 P. 392, 393; Adams v. State, 38 Okla. Cr. 173, 259 P. 665; Lynn v. State, 63 Okla. Cr. 55, 72 P. 2d 846; Williams v. State, 38 Okla. Cr. 370, 261 P. 977; McLaughlin v. State, 18 Okla. Cr. 137, 193 P. 1010.

"In the McLaughlin Case, supra, the court says: 'It is well-settled law in this state that if there is evidence

to support the conviction this court will not weigh the sufficiency of the same to support the verdict. It is, however, equally well-settled law in this state that this court will consider all the evidence to ascertain whether a verdict is in fact founded upon sufficient evidence to warrant a conviction.

" 'If the evidence introduced by the state fails to incriminate the defendant, or as a matter of law is insufficient to show that he is guilty of the offense charged, it is not only the right but the duty of the trial court to advise the jury to return a verdict of acquittal.' "

The facts in these cases are very similar to the facts in the case at bar, and to our mind are much stronger than the facts in this case. Defendant's evidence, which is corroborated by several witnesses, explains his presence near the premises of the prosecuting witness. It fully explains his being with the defendant Bennett during the morning of October 3rd, and of Bennett being left at his home about noon, and his not seeing him at any other time that day. Other witnesses testified to seeing the defendant Bennett with gun and dog near the premises of the prosecuting witness.

To uphold this conviction on this record would be dealing in pure speculation and conjecture. The three defendants were tried together. There is not much doubt had a severance been taken that the jury would not have convicted defendant on the evidence offered against him.

For the reasons above stated, we are of the opinion that the judgment and sentence of the district court of Logan county should be reversed, and unless the county attorney has other evidence the defendant should be discharged.

DOYLE, P. J., and DAVENPORT, J., concur.