HENRY COOK et al. v. STATE.

No. A-9734. Dec. 11, 1940.

(108 P. 2d 184.)

W. W. Miller, of Tahlequah, for defendants.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and June Bliss, Co. Atty., of Tahlequah, of Cherokee County, for the State.

BAREFOOT, J. Defendants were jointly charged with the crime of larceny of domestic animals in Cherokee county, were tried, convicted, and their punishment left to the court. The defendant Henry Cook was sentenced to serve a term of three years in the penitentiary, and the defendant John Cook was sentenced to serve a term of two years. From these sentences, both defendants have appealed.

All assignments of error may be considered under one head:

"That the verdict of the jury and the sentence of the court is contrary to the evidence and is not sustained by sufficient evidence."

The defendants were charged with the larceny of three head of cattle, two cows and one red bull calf, in Cherokee county on the 15th day of September, 1938, the same being the property of H. S. Nodine, L. F. Scroggins and L. F. Scroggins, Jr. All of these parties and the defendants lived in the same community in Cherokee county. It is unnecessary to refer extensively to the evidence in this case.

We have carefully read the record and the briefs filed by both the state and the defendants, and examined the authorities therein cited. The evidence is wholly insufficient to sustain the judgment and sentence in this case.

The evidence of the state consists of only a slight circumstance against the defendants, and their conviction could have only been based upon a surmise or a guess. The testimony of the defendants and of disinterested witnesses is such that the defendants were, in all probability, not guilty of the crime charged against them. The verdict of the jury in this case can only be surmised by reason of the fact that one of these defendants had several years prior to this trial pleaded guilty to stealing chickens in the State of Kansas, and the other defendant was very drunk at the time of the alleged commission of this offense. There was no evidence to show the defendants in possession of the stolen cattle, no evidence of their being hauled away by defendants, and no evidence to show they were ever sold. The evidence only reveals that they had been lost from the range and were never found.

While this court will uphold the verdict of the jury where the same is based upon competent, legal evidence or when there is a conflict of evidence on the part of the state and the defendant, yet where there is a complete failure of the evidence to prove the crime charged or where the conviction is the result of passion or prejudice, we will

not hesitate to reverse the case. Gray v. State, 66 Okla. Cr. 211, 90 P. 2d 686; Rambo v. State, 63 Okla. Cr. 189, 73 P. 2d 873; Paris v. State, 66 Okla. Cr. 236, 90 P. 2d 1078.

In McLaughlin v. State, 18 Okla. Cr. 137, 193 P. 1010, 1012, the court said:

"It is unquestionably the law that crime may be established by circumstantial evidence, otherwise society would be at the mercy of the criminal classes, but it is also uniformly held that the circumstantial evidence must go beyond mere suspicion and conjecture, and where circumstantial evidence solely is relied on for a conviction the circumstances tending to show guilt must be consistent, the one with the other, and point so strongly to the guilt of the defendant as to exclude every other reasonable hypothesis except that of guilt. Can it reasonably be said that the fact that this defendant was riding in the stolen car with one who was confessedly the thief was sufficient to show his complicity in the crime charged. It seems to us clearly that it was not, and, for this reason, when the state closed its case in chief, the instruction asked by the defendant directing the jury to return a verdict of acquittal should have been given at that time."

This case comes clearly within the rule that the evidence is wholly insufficient to sustain the judgment and sentence of the court, and for the reasons above stated, the judgment of the district court of Cherokee county is reversed, and unless the state can produce evidence other than the record discloses, it is ordered that this case be dismissed.

DOYLE, P. J., and JONES, J., concur.