## MERCER v. STATE.

No. A-11216.    July 6, 1950.

(219 P. 2d 1035.)

Tom Payne, Okmulgee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, J. The plaintiff in error, John R. Mercer, defendant below, was charged by information in the district court of Okmulgee county, Okla., with the crime of grand larceny allegedly committed in said county on June 6, 1948. The information charged that he feloniously did take, steal and carry away from the G & H Machine & Supply Company, the owner, 6 joints of 85%" O.D. pipe, 10 joints of 4" pipe, 13 joints of 7" pipe of the value of $877.50, without the knowledge or consent of said owner, and with the intent on his part to appropriate the same to his own use and benefit and permanently deprive the owner thereof. He was tried by a jury, convicted and his punishment fixed at one year and one day in the penitentiary, and judgment and sentence entered accordingly.

The evidence of the state was to the effect that the pipe herein involved was in the possession of the G & H Machine & Supply Company located just south of Okmulgee, shortly before it was stolen early in June of 1948. The pipe was marked and could be readily identified as it was after the theft. After it was stolen it was discovered and identified on the premises of Newt Ellis, a junk dealer in Henryetta, Okla. The evidence is clear and conclusive that the pipe was stolen from the G & H Machine & Supply Company, but there is not one scintilla of evidence to connect John R. Mercer with the larceny thereof. The record is entirely silent as to who actually took and carried away the said pipe. The state's case tends to establish a case of possession of stolen property. It shows that shortly after the theft Mercer arranged with a colored man whom he had never known before, by the name of Hully Taylor, who lived a

mile south and 2 miles west of Schulter, Okla., to stack some oil field pipe on his place in his horse lot, which Mercer later did. Mercer's explanation to Taylor for needing a place to stack the pipe was that he was going to start a well in the vicinity of Taylor's farm. The record discloses that shortly after he made the arrangements with Taylor, Mercer did stack some oil field pipe on the horse lot of Taylor. It further discloses that a few days thereafter some one came and removed the pipe. Moreover, it appears that John R. Mercer had done so, and sold and delivered to Newt Ellis, a junk dealer in Henryetta, 13 joints of 7" and 10 joints of 4" pipe for which Mercer executed a bill of sale over his signature or tally sheet to Newt Ellis in the sum of $493.03. And several days thereafter Mercer sold to Ellis along with some other pipe 6 joints of 8" pipe, identified as that allegedly stolen from the G & H Machine & Supply Company, all of said pipe being of the value of $857 as testified to by Mr. H. H. Hood, Manager of the G & H Machine & Supply Company. But the state offered no proof to connect Mercer with the original asportation or theft of the said property. Neither did it show any circumstance such as Mercer being on or about the G & H Machine & Supply Company premises at or about the time the larceny was committed. In fact, the record is void of any circumstance to connect Mercer with the larceny of the pipe. Mercer testified in his own behalf that he had a conversation with Ray Vincent, in the Parkinson Hotel, about selling some 15" pipe for him. He said he was not interested because he did not have the money with which to handle such a transaction. He testified as he was leaving the hotel a Mr. Winters approached him and said he was pulling some wells in the community, and asked Mercer about buying some 4" and 7" pipe. He said Winters told him it was standing on a truck at

Beggs. (Speculatively speaking, it appears probable that Winters did not exist.) He purchased the pipe from Winters and closed the deal at Beggs, he said, paying Winters $350 for the pipe. Mr. M. R. Winters executed a purported bill of sale dated June 7, 1948, to J. R. Mercer covering 41 joints of 7″ casing and 6 joints of 8″ casing, covering approximately 1,000′ of pipe. Mercer delivered the bill of sale to Sheriff Jim Kirby of Okmulgee county. It was part of the state's case. Regardless of the character of this evidence, as to Mercer's version concerning his acquisition and possession of the pipe, it stands uncontradicted in the record. Moreover, Mercer's reputation for veracity and good citizenship was unimpeached. A deputy sheriff and Mr. Mercer after an extensive search in and around Beggs were unable to locate Winters. After the acquisition of the pipe and the stacking of it on Taylor's farm, Mercer said he contacted Mr. Ellis at Henryetta and found a market for it and sold it to Ellis as hereinbefore set forth. The defendant denied the theft of the pipe or any knowledge thereof.

The foregoing summary of the evidence conclusively shows the theft of the pipe in question, by somebody as alleged in the information, but not by the defendant. There is no evidence, either direct or circumstantial to establish he was a party to the asportation or taking of the pipe involved from the G & H Machine & Supply Company premises. It conclusively shows the defendant was in possession of and sold stolen property, but the charge in the information is that of grand larceny as defined in Title 21 O.S. 1941 §§ 1701, 1704, and not that of receiving stolen property. Title 21 O.S. 1941 § 1713. Under this state of the record there is a fatal variance in the information and the proof.

In Yoder v. State, 78 Okla. Cr. 36, 143 P. 2d 160, 161, this court said:

"Where larceny has been committed and asportation has terminated, one not connected with original taking, either as principal or as aider or abettor, but who thereafter, with knowledge that the property has been stolen, assists in concealing, selling or destroying stolen property, is not guilty of larceny."

In Cook v. State, 78 Okla. Cr. 258, at page 263, 147 P. 2d 171, at page 174, it was said:

"With this statement of the evidence and the law applicable thereto, it will at once be seen that the court should have sustained the motion of defendant to direct a verdict of acquittal. And this is true after giving the State every logical inference as to the guilt of defendant. This Court in a number of cases almost identical with the facts here has announced the applicable law * * *."

Citing and quoting in support thereof, Dismore v. State, 60 Okla. Cr. 346, 44 P. 2d 894, wherein the foregoing rule as announced in Yoder v. State, supra, was announced and supported by the following cases, Pass v. State, 34 Ariz. 9, 267 P. 206; Tucker v. State, 21 Tex. App. 699, 2 S.W. 893; Boyd v. State, 24 Tex. App. 570, 6 S.W. 853, 5 Am. St. Rep. 908; People v. Disperati, 11 Cal. App. 469, 105 P. 617; Reed v. State, 22 Okla. Cr. 141, 210 P. 311; Vann v. State, 21 Okla. Cr. 298, 207 P. 102. In Underhill v. State, 70 Okla. Cr. 39, 104 P. 2d 447, 448, in syllabus 4 it was said:

"The first requisite of larceny is taking possession of goods by the thief. Taking and carrying away being essential elements of the crime of larceny, no subsequent connection with the property stolen can make one guilty of theft who was not connected with the original taking."

In the body of the opinion this court said:

"It is true that the possession of recently stolen goods is a strong circumstance to be considered in a larceny prosecution; but the possession of stolen property alone, and without any additional testimony, will not sustain a charge of larceny. It may be slight and wholly circumstantial, but there must be some evidence to connect the defendant with the original asportation. When the State does not have this proof the accused should not be charged with larceny, but. with the offense of receiving stolen property."

Under the facts herewith presented it is not necessary for us to consider the defendant's other assignments of error since the same errors committed in this trial probably will not occur in the event of a subsequent trial for receiving stolen property.

In light of the foregoing facts and the law applicable thereto, as hereinbefore set forth, it is clear that the trial court erred in not sustaining the defendant's demurrer to the evidence, and his motion for a directed verdict of not guilty. Under the facts in this case the defendant should have been informed against for receiving stolen property, Title 21 O.S. 1941 § 1713. Because of the variance in the allegations in the information and the proof, as hereinbefore indicated, the judgment and sentence of the district court of Okmulgee county is accordingly reversed and the case remanded to the district court of Okmulgee county for further proceedings consistent with the views herein expressed.

JONES, P. J., and POWELL, J., concur.