## MAINES v. STATE.

No. A-11858.   Dec. 9, 1953.

(264 P. 2d 361.)

Elmore A. Page, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., and Lewis J. Bicking, County Atty., Tulsa County, Tulsa, for defendant in error.

POWELL, P. J.   Leo D. Maines was charged by information in the district court of Tulsa county with the crime of burglary, second degree, second and subsequent offense.   The jury found him guilty and assessed his punishment at ten years in the State Penitentiary.

The charge was apparently filed under section 1435 of Title 21, O.S. 1951, and being a second and subsequent offense, section 51, paragraph 1 of the same Title would apply, which fixes the minimum penalty upon conviction at ten years imprisonment in the penitentiary.

For reversal, it is urged, (1) that the defendant did not have a fair and impartial trial by reason of the conduct of an officer witness in the presence of the jury; (2) that the mere possession of the gun purportedly stolen two days

prior in a burglary was insufficient to sustain conviction, and that the trial court erred in refusing to sustain a demurrer to the evidence at the conclusion of the State's testimony, and (3) that the evidence was wholly circumstantial and failed to sustain the conviction.

The information charges that one Max D. Lemmon and Leo D. Maines, the defendant herein, did on the 16th day of January, 1952, unlawfully, wilfully, burglariously and feloniously break and enter the Ajax Machine Company's premises, and did take, steal and carry away personal property belonging to the said Ajax Machine Company.

The evidence on the part of the state developed that on the night of January 16, 1952, the Ajax Die Casting & Mfg. Co., located at 1544 E. 6th Street, Tulsa, was burglarized and two old pistols, and a change box containing some four or five dollars in money taken. There was apparently no clue as to who committed the burglary.

On the night of January 19, 1952, following the burglary, Officers Jack Purdy and James R. Lang of the Tulsa Police Department, were driving west in the 400 block of First street when they observed a car double parked outside the ElCentro Beer Tavern. They stopped their car and Officer Lang went into the tavern to find the owner of the car, while Officer Purdy interrogated and searched an intoxicated man who was sitting in the car so double parked. Soon Officer Lang found the driver of the car, the defendant herein, and came out of the beer tavern and the accused told the officers that he wanted to go to a rest room down the alley. As he proceeded he threw something up on the roof of a building, and commenced to run, but Officer Purdy fired one shot and the defendant fell, and was arrested and taken to the police station. A search of the roof in question was made and one of the pistols stolen from the Ajax Die Casting & Mfg. Co. on the night of January 16 was discovered.

On being questioned the defendant admitted having the pistol in question and throwing it on the roof, but he denied burglarizing the Ajax place, or stealing the pistol, but claimed that he had paid some unknown person $6 for the pistol, at a beer tavern on either Main or Archer streets. He stated that he threw the gun on the roof as he did not want the officer to find a gun in his possession when he had a previous record of conviction for a felony. The record does not show that any explanation was offered as to why accused tried to escape.

Considering first the alleged conduct of Officer Lang in the presence of the jury, it appears from the record that while F. R. Flint, a partner in the Ajax Die Casting & Mfg. Co., was testifying, the court requested that the gun placed in evidence be broken down and left open. The assistant county attorney, Mr. Huckin, stated that he would have the officer do that. Counsel for the defense at this point interposed an objection, stating:

"Mr. Page: I would like for the record to show that the police officer who was sitting in the court room to testify in this case, turned to the defendant and pointed to him and suggested that he break the gun down, in the presence of the jury, and it was indicated that the defendant was familiar with firearms and may have handled it and left a prejudicial impression against the defendant with the jurors, for which we ask a mistrial, which was overruled by the Court and exception."

The court excused the jury and heard evidence on the point raised. Neither the court nor the assistant county attorney heard the remark attributed to the officer. However, Officer Lang admitted that, "I just said maybe Leo can break it down." He further admitted that he might have pointed at the defendant.

The court overruled the motion for a mistrial and the jury was recalled.

Whether the jury observed and heard Officer Lang is problematical. The court reporter did not report the remark when made. Such an observation as admitted by the officer, however, whether heard by the jurors or not, could only have been calculated to prejudicially affect him in the eyes of the jury, if heard. Of course, such conduct cannot be approved by this court, and constituted error, but ordinarily would not constitute reversible error.

The difficult question in this case is presented by the second and third propositions already stated. That the defendant was guilty of the possession of stolen property is beyond dispute, and the circumstances disclosed by the evidence was indicative of the fact that defendant had reason to believe that the property was stolen. But in this case there was no evidence, either direct or circumstantial, to establish that defendant was a party to the asportation or taking thereof.

The first requisite of burglary is the breaking and entering of a building, booth, tent, railroad car, vessel or other structure or erection in which any property is kept, § 1435, Tit. 21 O.S. 1951. Breaking and entering being essential elements of the crime of burglary, no subsequent connection with property stolen as the result of a burglary can make one guilty of burglary who was not connected with the original breaking and entry. The situation is much as that in Mercer v. State, 92 Okla. Cr. 37, 219 P. 2d 1035. We think that case must govern here.

There was a strong suspicion from the facts developed that the accused might have participated in the burglary, but there was no evidence, direct or circumstantial, to such effect. And we have often said that where the evidence only raises a suspicion of the guilt of the accused, it is insufficient to sustain a conviction. Suspicion is not proof, and the court should direct a verdict under such circumstances. Starr v. State, 63 Okla. Cr. 302, 74 P. 2d 1174; Cook v. State, 71 Okla. Cr. 65, 108 P. 2d 184.

As indicated, it would appear that the defendant should have been informed against for receiving stolen property. Tit. 21 O.S. 1951 § 1713. By reason of the variance in the allegation in the information and the proof, as hereinabove indicated, the judgment and sentence of the district court of Tulsa county is reversed, and the case remanded for further proceedings consistent with the views herein expressed.

JONES and BRETT, JJ., concur.