Maxwell BEARD and Lloyd Beard,
Plaintiffs in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–13663.

Court of Criminal Appeals of Oklahoma.

Dec. 15, 1965.

Rehearing Denied Feb. 14, 1966.

Kenneth W. Lackey, Eufaula, for plaintiffs in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Maxwell Beard and his brother Lloyd Beard were each charged in the district court of McIntosh County with the crime of burglary.

The information filed against Maxwell Beard, case No. 2863, charged:

"* * * that Maxwell Beard did, in McIntosh County and in the state of Oklahoma on or about the 5th day of August, 1964 and anterior to the presentment hereof, commit the crime of burglary—2nd degree, in the manner and form as follows, to-wit: that the said Maxwell Beard did then and there unlawfully, wrongfully, wilfully, feloniously and burglariously in the night time of said day, break and enter into a certain building, a dwelling house located on Route #2, Checotah, Oklahoma, owned by and in possession of Mrs. Evert Grose in which building personal property of value was kept and contained, by breaking open the outer door of said building and entering without the consent of said owner, with the wilful and felonious intent to steal said property, and did take and carry away without the consent of said owner certain personal property, to-wit: 1 hot water tank, 1 5-ft. white enamel double sink, all steel made by Youngstown, 1 base white enamel cabinet with black tile top, 1 detachable wall cabinet, white enamel, size 32″ x 24″ wide, the said property being of the aggregate value of $300, * * *."

It is then properly charged that Maxwell Beard had been previously convicted of certain other felonies.

The information against Lloyd Beard, case No. 2864, was filed on the same day, and contained the same charge, except that Lloyd was simply charged with "burglary". It was also charged that Lloyd had been previously convicted of certain felonies.

The defendants had separate preliminary hearings, and filed separate demurrers to the information, both of which were overruled.

Thereafter, and on October 23, 1964 the case was called for trial, and the trial court made the following statement:

"Let the record show in case No. 2863 and case No. 2864, by agreement between the county attorney and defense counsel, the defendants being present in open court, the two cases are consolidated. The defendants and each of them are considered as having filed a demurrer to the information in this court and the demurrers are overruled and exceptions allowed. The defendants and each of them in open court with their counsel, Mr. Lackey, waive the reading of the information, both the original charge and the second and subsequent offense, enter pleas of not guilty to the original charges of burglary, second degree, and to the second and subsequent offense charged, they having waived the 24 hours period granted by statute and announce ready for trial on October 22, 1964.

"A demurrer was filed on the statutory grounds. I take the demurrers to be an attack on the information as filed in this court. With that understanding, I do overrule the two demurrers and allow exceptions. This case has come on rather suddenly insofar as this court is concerned, in the middle of a civil docket. I don't want these folks pushed to trial. I agree because both

lawyers want them tried. * * * If there is any question about preliminary or lack of preliminary, or lack of charges in preliminary, I will not try them.

"Mr. Lackey: We had a preliminary on burglary. We are demanding trial because the two defendants are in jail, and have been since arrest, and are unable to make bond. The preliminary was on the second and subsequent offense as to Maxwell Beard, but not as to Lloyd Beard. We will waive any objections to the failure of the county attorney to present the second and subsequent offense as to Lloyd Beard.

"The Court: That amounts to waiving all preliminary as to Lloyd Beard on the second and subsequent offense."

The two cases, as consolidated, were then tried to a jury. Separate verdicts were returned, finding each of the defendants guilty, after former convictions, and fixing the punishment of Maxwell Beard in case #2963 at five years, and Lloyd Beard in case #2864 at seven years in the state penitentiary. Motion for new trial was duly filed and overruled, and the cases, as consolidated, are here on appeal.

Attorney for defendants lists five assignments of error in his brief, all of which have some merit. But for the purpose of this opinion, we consider it necessary to discuss only his second assigned error, which sets forth that the evidence was insufficient to sustain a conviction, as to proof of breaking and entering by the defendants.

Defendants were charged under Title 21 O.S.A. § 1435, which provides:

"Every person who breaks and enters any building or any part of any building, room * * * or other structure or erection, in which any property is kept, * * * with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree."

Mrs. Mildred Grose was the first witness for the State. The substance of her testimony was that she lived in the vicinity of Texana, which is in McIntosh County. That the two defendants hauled hay for her during July, 1964. She identified two checks as being those she paid to the defendants. One was for the amount of $38.50, bearing date of July 11, and the other was for the amount of $71.20 dated July 18, 1964. Mrs. Grose testified that she did not see either of the defendants after July 18 when she delivered the second check. In answer to the question, "Do you have a place out there other than the place you live?" she answered, "My father's place" (known as the Frank McKee place). She identified the location of her father's place as being: "That is down at Lindsey Chapel, about 100 yards southwest of Lindsey Chapel."

Mrs. Grose testified further that she usually checked her father's place about once a month, and that she checked it "some time in August", when she discovered the front gate and the front door open, and everything gone out of the kitchen. She said that she later saw this property at the home of the defendants' mother, south of Porum, Oklahoma. The property described in the information is the property identified by Mrs. Grose as having been taken from her father's place.

On cross-examination Mrs. Grose testified that she thought she examined her father's place the second Monday in August; and that it had been three or four weeks since she was there last. In answer to the question, "And you tell us that when you were there three or four weeks earlier the front door was closed?" she replied, "When I left. I always closed it."

It is not necessary to go into the other testimony. Suffice to say that this was the only testimony concerning the house, or the place from which the property was removed. There is no positive statement in the record before the Court which clearly indicates that the door was constantly closed; and more particularly, that it was locked, during the time the property was stolen from the McKee place. Neither is there anything in the record to show that the house was va-

cant, nor that no one was there. Likewise, there is no testimony offered that either of these defendants was seen around the McKee place, when the property was allegedly stolen.

The Sheriff testified that he and Mrs. Grose went to the home of the mother of the defendants, where they found the property, and where it was identified by Mrs. Grose as being the personal property taken from her father's place. The property was returned to her.

■ As stated by this Court in Maines v. State, 97 Okl.Cr. 386, 264 P.2d 361:

"The first requisite of burglary is the breaking and entering of a building, booth, tent, railroad car, vessel or other structure or erection in which any property is kept, § 1435, Tit. 21 O.S. 1951. Breaking and entering being essential elements of the crime of burglary, no subsequent connection with property stolen as the result of a burglary can make one guilty of burglary who was not connected with the original breaking and entry. The situation is much as that in Mercer v. State, 92 Okl.Cr. 37, 219 P.2d 1035. We think that case must govern here."

See also Raymer v. State, 41 Okl.Cr. 263, 272 P. 488; Starr v. State, 63 Okl.Cr. 302, 74 P.2d 1174.

Both defendants testified, and both denied having taken the property from the Frank McKee place. Lloyd Beard said that he bought the property from a man in Porum, and that the seller helped transfer the property from his pick-up truck to defendant's own truck.

Maxwell Beard testified that the only connection he had with the property was that he drove the truck into Porum; when he got there he gave the truck keys to his brother Lloyd and took the keys to his Ford car, and then drove with his sister to Tulsa. His sister verified the fact that he drove her to Tulsa.

■ The fact that the stolen property was found at the home of the defendants' mother is beyond dispute. However, there is no evidence, either direct or circumstantial, which establishes that either of the defendants was a party to breaking and entering the house from which the property was removed.

As stated further in Maines v. State, supra:

"There is a strong suspicion from the facts developed that the accused might have participated in the burglary, but there is no evidence, direct or circumstantial, to such effect. And we have often said that where the evidence only raises a suspicion of the guilt of the accused, it is insufficient to sustain a conviction. Suspicion is not proof, and the court should direct a verdict under such circumstances. Starr v. State, 63 Okl.Cr. 302, 74 P.2d 1174."

We are of the opinion that if any charge should have been made against these defendants, it should have been for grand larceny, or for receiving stolen property. Based upon the facts developed in this case, the charge of second degree burglary is not proved.

In his brief the Attorney General contends that only one issue is raised by the defendants, which deserves briefing and argument. He sets that proposition out as follows:

"Possession of recently stolen property is so incriminating that to warrant a conviction there need only be, in addition to possession, slight corroboration in form of statements or conduct of defendant tending to show his guilt."

To sustain his position, the Attorney General quotes from one California case, Wharton's Criminal Evidence, and from one Oklahoma case, McLeroy v. State, Okl.Cr., 380 P.2d 546. In that Oklahoma case, the defendant was charged and convicted for the crime of larceny. It is our opinion that the McLeroy case is not in point.

By reason of the insufficiency of the evidence, as hereinbefore indicated, the judgment and sentence of the district court of McIntosh County is reversed, and the Warden of the Oklahoma State Penitentiary at McAlester is directed to surrender Maxwell Beard and Lloyd Beard to the authorities of McIntosh County to be dealt with in further proceedings not inconsistent with this opinion.

BUSSEY, P. J., concurs.

NIX, J., not participating.