Felix WILLIAMS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15336.

Court of Criminal Appeals of Oklahoma.

Nov. 25, 1970.

Rehearing Denied Dec. 14, 1970.

Van Dyck & Hays, Chickasha, for plaintiff in error.

G. T. Blankenship, Atty. Gen., John C. Howard, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge:

Plaintiff in error, Felix Williams, was tried by a jury in the District Court of Grady County, Oklahoma, for the offense of Second Degree Burglary, in case no. CRF–69–62, was found guilty and the jury assessed his punishment at confinement in the state penitentiary for a period of five years. A motion for new trial was filed by defendant, and was overruled by the trial court. Thereafter, this appeal was lodged in this Court, and hereafter plaintiff in error will be referred to as defendant.

Defendant was convicted on circumstantial evidence, which the jury considered to be sufficient to prove his guilt. Defendant did not testify in his own behalf and of-fered no other testimony or evidence for the jury's consideration. The facts, briefly set forth, reveal that the burglary took place in the home of Mr. and Mrs. H. C. True on the morning of March 12, 1969. The victims testified that they returned home about 1:30 P.M.; discovered the back door of their home had been forced open; the home had been burglarized and various items of their property were stolen. Outside of the home, they noticed tire tracks leading up to the back of their house. Inside of the home, Mr. and Mrs. True discovered as missing a number of packages of frozen beef, pork, chicken, containers of fruit products, two pasteboard boxes and a zinc coated tub; they also found a screwdriver wrapped with fishing cord and hooks on a dresser.

Deputy Sheriff Bud Eagleston testified that he conducted the investigation and found the markings and scratchings on the door matched those of the screwdriver the victims had found. The Deputy also took several photographs of tire imprints leading up to the back door of the residence and he later took a plaster of paris cast of the imprints made by the left rear tire. Deputy Eagleston noted the tire imprints were different for every tire on the vehicle and that the imprints were made over tracks left by the vehicle driven by the mail carrier, who it was subsequently shown had stopped at the True home around 9:30 A.M.—on March 12, 1969.

Deputy Eagleston testified further of how he was able to follow the tracks from the True driveway for a distance of some two and one-tenth miles to the home of Ambry Hurd, where a set of the tracks were shown to pass the home. Another set of the same tracks showed the vehicle had left the Hurd residence going in a direction on toward the True home. He also stated at the time of the defendant's arrest, the pickup he was driving had four different makes of tires on it.

Mrs. Ambry Hurd testified that defendant and one other man came to her home on the morning of March 12th between nine and ten A.M., driving a pickup which

fit the general description of the pickup the defendant was driving at the time of his arrest.

Alfred Ruthledge, the rural mail carrier, testified and identified the pickup as being the one which passed him as he entered the Hurd residence.

Homer Williams next testified and stated that on the evening of March 11, 1969, the defendant asked to borrow his pickup; and further stated that defendant took the pickup around 4:30 A.M. on the morning of March 12th. Williams identified the screwdriver found at the scene of the burglary as belonging to him and stated that the last time he saw it, the screwdriver was in the back of the pickup. He further testified to the fact that the left rear tire of the pickup had been taken by Deputy Eagleston for further study. Paul Sterling, Technician Investigator for the Oklahoma State Crime Bureau, testified that the tire treads matched the plaster cast of the tire imprints left at the True home.

Mr. Jim Stamper testified that between 10:00 A.M.–11:30 A.M. on March 12, 1969, defendant and co-defendant Willard Taylor came to his bar and attempted to sell him some frozen meat. Mr. Stamper stated that when he looked at the meat in the pickup it was in two pasteboard boxes and a half-bushel tub. Mr. Stamper also noted several plastic containers filled with something, as well as a number of wrapped chickens laying loose in the back of the pickup.

The defendant elected not to take the stand in his own behalf and maintained his defense of not guilty.

■ In his petition in error, defendant sets forth six assignments of error which he argues under five propositions in his brief. Defendant's first proposition contends that the evidence presented to the jury was not sufficient to establish his guilt for the crime charged. Defendant cites numerous cases which set forth the rule that circumstantial evidence must prove defendant's guilt beyond a reasonable doubt; that the evidence must clearly point to the defendant's guilt and must exclude every reasonable hypothesis other than that of guilt; and such evidence must amount to more than mere suspicion. In an effort to support his proposition, defendant cites: Sies v. State, 6 Okl.Cr. 142, 117 P. 504; Dowell v. State, 67 Okl.Cr. 455, 94 P.2d 956; Jackson v. State, Okl. Cr., 403 P.2d 518, and others.

■ The rules relied upon by defendant properly state the law; however, when the state presents its hypothesis, based on circumstantial evidence for the jury to consider, and no other hypothesis is offered for the jury to consider except defendant's plea of "not guilty", the jury has little alternative but to consider that evidence presented to them; and when the state's hypothesis is logical and reasonably supported by the evidence, the jury's verdict will not be disturbed. Nine witnesses were offered by the state who placed the defendant in the truck at the time and place alleged; identified the truck and showed defendant to be in possession of certain items very similar to, if not those items stolen; in establishing defendant's guilt. When the jury considered their verdict, the question of defendant's guilt was resolved against him. Defendant now asks this Court to disregard the testimony of the witnesses; to assume the jury's position, and to weigh the evidence in his favor. We will have to continue to take the position that we have long maintained that this Court will not substitute its judgment for that of the jury, when the evidence presented to the jury reasonably supports the jury's verdict. In Carter v. State, Okl.Cr., 279 P.2d 956 [1955], this Court provided:

"Where the evidence of the state is sufficient to support the conviction and the defendant offers no evidence to contradict the material facts developed the judgment and sentence will be affirmed where the same conforms to the provisions of the law."

See also Owens v. State, 93 Okl.Cr. 22, 224 P.2d 612 [1951].

Also in Gresham v. State, Okl.Cr., 456 P.2d 119 [1969], it was stated:

"Where circumstantial evidence is relied upon for conviction, and facts and circumstances proved are consistent with and point to guilt of defendant and are inconsistent with innocence, judgment and sentence of trial court will be affirmed."

■ Defendant's second proposition sets forth error committed by the trial court when his demurrer was denied. Defendant proposes that the weak link in the chain of circumstances is that there was not a witness to place him in the True home. While such statement is correct, the other circumstantial evidence weaved a web about him sufficient to convince the jury that the crime was committed by the accused. As we view the record before the Court the trial court did not commit error when the demurrer was overruled. See: Crabb v. State, 86 Okl.Cr. 323, 192 P.2d 1018 [1948].

■ In his third proposition defendant complains about the trial court's fifth instruction given to the jury. The record does reflect that defendant objected to the giving of the instruction and was allowed his exceptions, but we also observe that counsel failed to offer any instruction in lieu of that proposed to be given by the trial court. See: Meekins v. State, Okl. Cr., 420 P.2d 267 [1966]. Defendant cites Maines v. State, 97 Okl.Cr. 386, 264 P.2d 361 [1953] to support his argument that this specific instruction was erroneous, but as we view the statement in the *Maines case, supra,* the facts of that case showed a variance between the allegations contained in the information, and the proof offered to sustain the conviction. We do not view the instant case in the same light; the trial court's instructions have been thoroughly reviewed in their entirety and they show the jury was properly charged by the trial court. As this Court has stated many times, when the instructions considered as a whole fairly and correctly state the law applicable to the case being tried, they will be considered sufficient to meet the requirements of the law. See: Lefthand v. State, Okl.Cr., 398 P.2d 98 [1965].

■ Next defendant asserts that one remark made in the prosecutor's closing argument to the jury was prejudicial, when he said: "This is your opportunity to do something about a burglary." After reviewing the trial of this case we fail to perceive the highly prejudicial nature of the remark as complained of by the defendant. In Disheroon v. State, Okl.Cr., 357 P.2d 236 [1960], this Court held that both counsel for the state and the defendant have a right to discuss fully the evidence and inferences they may reasonably draw from that evidence with considerable degree of latitude. We therefore conclude that this complaint is without merit.

Lastly, defendant complains that it was error for the court to deny his motion to examine evidence prior to trial. It is his contention that he should have been provided the plaster of paris cast of the tire track and the tire which allegedly made the track for examination. We fail to perceive how defendant was so prejudiced by the trial court's action as to cause a reversal of this conviction.

We are therefore of the opinion, after carefully considering the record and briefs filed in this case, that the judgment and sentence should be affirmed.

It is so ordered, judgment and sentence affirmed.

BUSSEY and NIX, JJ., concur.