**Ervin Erb MEEKS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17622.**

Court of Criminal Appeals of Oklahoma.

Sept. 27, 1972.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

BUSSEY, Presiding Judge:

Appellant, Ervin Erb Meeks, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of

Oklahoma County, Oklahoma, for the offense of Burglary in the Second Degree, After Former Conviction of a Felony; his punishment was fixed at ten (10) years imprisonment with the court suspending the last five (5) years, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Kenneth Stanford testified that on November 16, 1971 he was employed by the R C Cola Bottling Works and left his truck in the parking lot at 1137 Exchange with the doors closed and the windows rolled up. He observed the defendant about 4:30 that afternoon taking pop from a company truck. He chased the defendant off and when the defendant returned, in approximately fifteen minutes, he called the police. Upon the arrival of the police, they searched the defendant and found a pair of pliers and a screwdriver in defendant's pocket. Stanford testified that the screwdriver and pliers were customarily. kept in the glove compartment of his vehicle. He testified that the defendant was "staggering drunk."

Officer Behrens testified that he arrested the defendant at approximately 4:30 p. m. and found the pliers and screwdriver in defendant's coat pocket. He testified that in his opinion the defendant was under the influence of alcohol.

Officer Tash testified that he informed the defendant of his Miranda rights at the City Jail. The defendant stated that he found the screwdriver and pliers in the alley behind the bottling works where they had been dropped by someone running down the alley.

The defendant testified that he was sixty-four (64) years old and had been arrested numerous times for drunkenness. He testified that he started drinking at about 8:00 that morning and consumed whiskey, beer and wine. He did not remember anything that happened on the afternoon in question nor did he remember talking to the officer in the City Jail. The previous conviction was admitted and stipulated.

■ The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805.

■ The final proposition contends that the punishment is excessive. Although this Court is sympathetic with the plight of the defendant who is an apparent hopeless alcoholic (158 convictions for drunkenness), we have previously held that this Court does not have the authority to modify sentence below the statutory minimum. See Parker v. State, Okl.Cr., 273 P.2d 778.

The judgment and sentence is affirmed.

BRETT, Judge (dissents):

I must respectfully dissent to this decision because as I view the facts, the State failed to prove the essential elements of second degree burglary in this case. 21 O.S.1971, § 1435, provides:

"Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection, in which any property is kept, or breaks into or forcibly opens, any coin operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree."

This Court held in Beard v. State, Okl. Cr., 410 P.2d 567 (1966):

"It is incumbent upon the state to prove every essential element of crime charged by evidence beyond reasonable doubt, and a conviction based upon circumstances which raise merely suspicions will not be allowed to stand."

In *Beard*, supra, this Court quoted from Maines v. State, 97 Okl.Cr. 386, 264 P.2d 361 (1953), as follows:

"The first requisite of burglary is the breaking and entering of a building, booth, tent, railroad car, vessel or other structure or erection in which any property is kept, § 1435, Tit. 21 O.S.1951. Breaking and entering being essential elements of the crime of burglary, no subsequent connection with property stolen as the result of a burglary can make one guilty of burglary who was not connected with the original breaking and entry. The situation is much as that in Mercer v. State, 92 Okl.Cr. 37, 219 P.2d 1035. We think that case must govern here." See also Raymer v. State, 41 Okl.Cr. 263, 272 P. 488; Starr v. State, 63 Okl. Cr. 302, 74 P.2d 1174.

In the instant case I believe that same principle should govern. The complaining witness testified that he first saw the defendant stealing "pop" from his R C Cola delivery truck and ran him off; and about fifteen minutes later the defendant came back, so he called the police. This witness related the defendant was in the parking lot where his pick-up truck was parked, and when the police arrived the defendant was "about twenty or twenty-five feet. Something like that.," from his pick-up. The witness did not testify that he saw the defendant open the truck door, or get into his truck, nor did he testify that he saw him any closer than twenty to twenty-five feet from the vehicle.

When the police searched the defendant he had a pair of pliers and a screwdriver in his pocket. The complaining witness testified that he saw the items, knew he had a pair like them in his glove compartment, and when he checked his truck he said "I found the screw driver was gone." The prosecutor asked "Just that one item was gone?" And the witness answered "Yes, sir." The record is devoid of any testimony showing that this defendant broke and entered the pick-up truck, or that he took anything out of it.

The facts in Beard v. State, supra, revealed that no one saw the Beard brothers break and enter and take anything from the complaining witness' property, known as the "Frank McKee Place"; but the witness identified the stolen property—found in the home of defendants' mother—as being the property taken from the McKee place. This Court stated in that decision, "We are of the opinion that if any charge should have been made against these defendants, it should have been for grand larceny, or for receiving stolen property. Based upon the facts developed in this case, the charge of second degree burglary is not proved." at page 570 of 410 P.2d.

As I review the facts of the instant case, the facts developed at this trial proved "petty larceny," but not burglary second degree. Even accepting the State's position of circumstantial evidence—which I do not accept as being sufficient to support this conviction—the element of intent must be surmised, because the complaining witness testified that the defendant was so drunk the two police officers had to help him into the police car.

The facts in Mercer v. State, supra, reveal that the defendant was charged with the crime of larceny of oil field pipe. The pipe was readily identified as belonging to the G & H Machine & Supply Company. Mercer had arranged with a colored man to stack the stolen oil field pipe in his horse lot. Mercer testified in his own behalf and said that he purchased the pipe from one Winters, paying him $350 for it. Referring to Mercer's testimony, this Court said in that case, "Regardless of the character of this evidence, as to Mercer's version concerning his acquisition and possession of the pipe, it stands uncontradicted in the record." The case was reversed and remanded.

In Raymer v. State, supra, this Court stated in 1928:

"The only assignment of error argued is that the evidence is insufficient to sustain the verdict and judgment. This contention must be sustained. There is

no testimony in the record that the defendant either alone or with Bradley broke into the building alleged. There is evidence that they committed larceny of property in the building, and one witness testifies to a conclusion that they came out of a window of the building. There is no evidence that they entered through the window, or that the window or doors were closed. While the breaking and entry may be shown by circumstantial evidence, there must be some proof, either direct or circumstantial, that the building was in fact broken into within the meaning of the statute defining burglary."

That conviction was reversed and remanded.

In Starr v. State, supra, wherein Starr was convicted for second degree burglary, this Court recited in 1937, speaking through the late Judge Davenport, when the conviction was reversed:

"It is urged by the defendant that this testimony, being purely circumstantial, is not sufficient to overcome the presumption of innocence to which he is entitled under the law, and to sustain his conviction. The Attorney General insists that the evidence is sufficient to exclude every other reasonable hypothesis other than that of the defendant's guilt.

"This court in the case of Sies v. State, 6 Okl.Cr. 142, 117 P. 504, in the second paragraph of the syllabus stated:

" 'The facts and circumstances proved must not only be consistent with and point to the guilt of the defendant, but they must be inconsistent with his innocence.'

"In Key v. State, 22 Okl.Cr. 284, 210 P. 1044, in the first paragraph of the syllabus this court said:

" 'Where, in a criminal case, circumstantial evidence is entirely relied upon for conviction, the facts and circumstances must not only be consistent with and point to the guilt of the defendant, but must be inconsistent with his innocence.'

"In Davis v. State, 8 Okl.Cr. 112, 193 P. 745, in the second paragraph of the syllabus the court said:

" 'Where the state relies wholly on circumstantial evidence to prove guilty knowledge, the circumstances relied upon, when considered together, must point clearly and conclusively to the guilt of the defendant and exclude every reasonable hypothesis other than that of guilt.'

"In Davis v. State, supra, in the body of the opinion the court stated:

" 'It is incumbent upon the state to prove every essential element of the crime by evidence beyond a reasonable doubt, and a conviction based upon circumstances which raise merely suspicions of guilt should not be allowed to stand.' Tro v. State, 27 Okl.Cr. 418, 228 P. 530; Adams v. State, 38 Okl.Cr. 173, 259 P. 665.

"In Nash v. State, 8 Okl.Cr. 1, 126 P. 260, this court, in subdivision b of paragraph 2 of the syllabus, stated:

" 'Where the evidence only raises a suspicion of the guilt of the accused, it is insufficient to sustain a conviction. Suspicion is not proof; and the court should direct a verdict under such circumstances.'

"In Barcus v. State, 60 Okl.Cr. 351, 44 P.2d 897, in the syllabus the court stated:

" 'When, in the trial of a criminal case, the evidence relied on to connect an accused with the crime charged is entirely circumstantial, it must do more than raise a suspicion or inference of guilt, but must point clearly and conclusively to guilt and exclude every reasonable hypothesis of innocence.'

"The evidence of the state tends to raise a suspicion that this defendant took part in the larceny of the property, but it is not, in the opinion of the court sufficient to overcome the presumption of innocence which follows the defendant throughout the trial until overcome by competent proof."

In the instant case the detective who interviewed the defendant the morning following defendant's arrest, testified on direct examination as follows:

"Q. Did you ask him whether he did it or not?

"A. Yes, sir. At the time of his arrest, he had a pair of pliers and a screw driver in his possession. These were identified, according to my report, as coming from the burglarized vehicle. I questioned him concerning these. He said he had found them in the alley behind the bottling company, where they had been dropped by some unidentified male that was running down the alley. He said he picked them up and retained them in his possession."

No question exists whether or not the defendant had the items in his pocket. They were found when he was arrested in such a drunken condition that the two policemen had to assist him into the police car. The only question that exists is how he came into possession of the pliers and screwdriver. No other explanation was offered by the State to explain how the defendant came into possession of the items, except the circumstances that he was in the parking lot, and the screwdriver and pliers were in his pocket. When the defendant testified he stated that he was sixty-four years old, that he could not remember what happened that afternoon; nor could he remember getting into the police car, or talking with the detective the next morning. It is clear, and no doubt exists, concerning defendant's being an alcoholic, because the "rap sheet" shows he has been arrested some 158 times for drunkenness. But whether the defendant's testimony is believed or not, as I view the record the proof was not sufficient to prove burglary, second degree. Consequently, I believe defendant's demurrer to the evidence should have been sustained.

Considering the State's case in its best light, the circumstantial evidence merely tends to raise a suspicion that defendant took the tools out of the pick-up truck. The quality of justice today should be no less than it was in 1928, 1937, 1953, or 1966; and in my view the circumstantial evidence offered in this case is not sufficient to overcome this defendant's presumption of innocence, which follows the defendant throughout the trial.

Therefore, I must respectfully dissent to this decision.

SIMMS, J., concurs.

BRETT, J., dissents.