**Ronnie WADLEY, and Ricky Barnett, Appellants,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. A–18134.**

Court of Criminal Appeals of Oklahoma.

Aug. 20, 1973.

Paul Stumbaugh, Mangum, for appellants.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., Daniel J. Gamino, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

Appellants, Ronnie Wadley and Ricky Barnett, hereinafter referred to as defend-ants, were charged, tried and convicted in the District Court of Harmon County, Case No. CRM-72-71, for the offense of Malicious Injury to Property. Their punishment was fixed at ten (10) days in the County Jail and a fine of two hundred and fifty dollars ($250). From said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial Gary Reid, Hollis Weekly News publisher, testified that he owned a brick building located in Hollis, Oklahoma; that on the morning of July 22, 1972, he discovered the plate glass window in the front of his building was broken near the top. There was a hole approximately four inches in diameter that was not there when he closed his business on July 21, 1972.

Jana Cope Boone next testified that she was riding in a car with a girlfriend in Hollis, Oklahoma, around 11:00 p.m. on July 21, 1972. She observed defendant Barnett driving an automobile and defendant Wadley was a passenger. She then testified that she observed defendant Wadley push his chest and shoulders outside the car window and throw a rock at the Public Service Building. The rock struck the building above the plate glass window and bounced onto the sidewalk. Witness Boone then testified that the Public Service Building was located next door to the Hollis Weekly News Building.

Thomas Prock, Chief of Police, Hollis, Oklahoma, testified that on July 22, 1972, he called Gary Reid and asked Reid to meet him at the newspaper office. Prock testified that he observed a four or five inch diameter hole in the front glass window of the building and that he found a rock inside the newspaper office.

Steve Cleveland, owner of the Cleveland Barbershop, testified that around 11:00 p.m., July 21, 1972, he was driving his automobile in Hollis, Oklahoma, with his girlfriend. Cleveland observed a car that looked like defendant Barnett's parked about two hundred and fifty feet from the Hollis Weekly News Building. The car was empty and no one was around it.

Cleveland drove to an intersection approximately one block from the newspaper office at which time he heard the sound of breaking glass. He drove past the newspaper office about ten minutes later and observed a hole at the top of the plate glass window.

Defendant Ronnie Wadley testified in his own behalf. Wadley admitted riding in defendant Barnett's car the evening of July 21, 1972, and that Barnett was the driver. Wadley testified that he threw a wadded up coke cup at the Public Service Building. Wadley then testified that neither he nor defendant Barnett threw anything at the newspaper office that night.

The defendant's sole proposition of error contends that the evidence against both of said defendants was solely circumstantial, and was insufficient to support a conviction. We agree.

In the case of Beard v. State, Okl.Cr., 410 P.2d 567 (1966), this Court held in Syllabus 4 and 5:

"It is incumbent upon the State to prove every essential element of the crime by evidence beyond a reasonable doubt, and a conviction based upon circumstances which raise merely suspicions will not be allowed to stand.

"Where the evidence only raises a suspicion of the guilt of the accused, it is insufficient to sustain a conviction. Suspicion is not proof, and the court should direct a verdict under such circumstances."

Also, in the case of Thompson v. State, Okl.Cr., 488 P.2d 944 (1971), where this Court held in Syllabus 5:

"Although a conviction may be obtained by circumstantial evidence, a conviction may not be obtained where the circumstances do not exclude every reasonable hypothesis except that of guilt."

In the instant case, the evidence presented by the State taken at its best merely establishes that the defendants were in town on the night of the incident and the defendant Barnett was driving a vehicle in which defendant Wadley was a passenger; that defendant Wadley threw a rock against the brick work of a building next to the building where the alleged crime was committed; that an automobile similar to the automobile owned by defendant Barnett was parked approximately two hundred and fifty feet from the Hollis Weekly News Building on the night the front glass was broken. It is our opinion that the above evidence presented by the State raises nothing more than mere suspicions and is not sufficient for a conviction based on this evidence.

It is, therefore, our opinion that this cause should be, and the same is hereby, reversed and remanded with instructions to dismiss.

BRETT and BUSSEY, JJ., concur.